## J. L. HENDERSON *v.* A. F. CAMERON.

1. VENDOR AND VENDEE. *Prior unrecorded deed. Notice imparted by subsequent deed.*

   A deed that conveys all the lands within the state owned by the widow and devisee of a former owner, excepting such as had been previously conveyed by her deceased husband or herself, by deeds "which are of record, and none other," affects the grantee, by its terms, with notice that some of the deeds to lands that once belonged to her husband or herself are unrecorded.

2. SAME. *Actual notice.*

   A grantee of land takes subject to a prior unrecorded deed from his grantor of which he has actual notice.

FROM the chancery court of Hancock county.
HON. W. T. HOUSTON, Chancellor.

This was a proceeding in the chancery court of Hancock county by J. L. Henderson against A. F. Cameron and others, to remove a cloud upon his title to section 25, township 8, range 16 west, in said county. The answer of the defendants denied complainant's title, and set up title in themselves. On the hearing, complainant introduced his record title, from the government down to himself, his grantor being Mrs. E. L. Saunders. It was shown for defendants that complainant, who was a lawyer, made an abstract of all the lands in Hancock county, beginning his work in 1890; that H. Saunders owned a large amount of land in the county in his own name, and as a partner of D. B. Seal; that said Saunders died in 1879, and, in general terms, devised all his lands and property to Mrs. E. L. Saunders; that, in 1880, Mrs. Saunders purchased the moiety of D. B. Seal in the lands in controversy, and, in the same year, conveyed the land to Giacomo Monti, by warranty deed which was not recorded until the twenty-third of June, 1893, Monti conveyed the lands to appellee in 1881.

On the fourth of May, 1893, Mrs. Hyatt (formerly Mrs. Saunders) made a deed to complainant which conveyed '' all the lands in the State of Mississippi which my former husband, Hubbard Saunders, owned, and which he devised to me in his last will and testament,  .   .   .   excepting, however, out of said grant those certain tracts of land which, from time to time, have been conveyed by deed either by Mr. Saunders or myself, and which are of record, and none others.'' Mrs. Hyatt did not know that she owned any land in Hancock county until Henderson went to her and told her of a small tract that he found she had not conveyed. She testified that Henderson was to hunt up the lands from the records, and agreed to buy all the land she owned in the county, and he agreed to pay her twenty-five dollars for the land he had found she owned, and if he found other land amounting to as much as one hundred and fifty-acres, he was to pay her seventy-five

dollars additional, and that he had paid her the seventy-five dollars; that she sold the land to Monti and had not claimed title to it nor paid taxes on it since she sold to him; that Henderson did not tell her that she had title to the land in controversy, and she conveyed, in general terms, all the land she owned in the state.

Defendant, Cameron, testified that while he was in possession of the land, Henderson went to him and told him that he could find no record of any deed from Mrs. Saunders to Monti, when he told Henderson that there was a deed, and he thought it was recorded, and he would hunt it up; that the sheriff of the county wrote to a daughter of Monti's, who sent him the deed, and it was recorded. Counsel then asked Cameron if this conversation was before or after January, 1893. He said he did not know. He was then asked the following question, being the eighth direct interrogatory: "This suit was filed on the thirteenth day of October, 1893. Was it before or after that date? He answered that it was before. Complainant objected to this question as leading, and it was excluded by the court. The ninth direct interrogatory addressed to him was as follows: " How long before—six months, twelve months or eighteen months, as near as you can state, or any other time?" An objection was made to this interrogatory as leading. The witness answered as follows: "It was some time before. I can't recollect exactly. I think it was six months or more." Henderson denied this conversation, and said he had no knowledge of the unrecorded deed from Mrs. Saunders to Monti. From a final decree dismissing complainant's bill he appealed.

*E. J. Bowers,* for appellant.

In tracing notice of the existence of the Monti deed, defendants are required to establish the facts relied on, with reasonable certainty, and the facts must be such as to have caused appellant to know with reasonable certainty the particulars of

the adverse claim. Vague, indefinite rumors or general state-
ments as to outstanding titles will not do. Wade on Notice,
§ 258; *Jolland* v. *Stainbridge*, 3 Ves. Jr., 478: *Lindaur* v.
*Younglove*, 47 Minn., 62. The creditor, or subsequent pur-
chaser, must be so bound in conscience by notice that *mala
fides* could be imputed to him if he should take the estate
against the prior vendee. *Loughridge* v. *Bowland*, 52 Miss.,
546. There must be some declaration from an authentic source
which it would be negligence to disregard. *Maul* v. *Rider*,
59 Penn. St., 172; *Loughridge* v. *Bowland, supra*. The in-
formation must be credible in its character and source, and
sufficiently circumstantial to furnish one with a palpable clue
or guide, or means by which the truth may be ascertained. 16
Am. & Eng. Enc. L., p. 797, note 3.

If all the excluded evidence was in the record, it would still
fail as proof of notice. A fair analysis of the evidence shows
that the conversations with Henderson were after he purchased,
and was trying to find out how much land he got by his deed.
Cameron's testimony as to dates is unreliable. He knew no
dates except those put into his mouth by counsel, and his tes-
timony should go for naught.

The position that Cameron was in possession is untenable.
No one was in actual possession. It was wild, uncultivated,
unoccupied, and without any visible mark of domination or
ownership by any human being. That possession which is
equivalent to notice of an unrecorded deed is such an open and
notorious possession as is visible to all the world, or to any
person who makes an examination of the property. It is the
same character of possession that ripens by lapse of time into
title. *Taylor* v. *Mosely*, 57 Miss., 544; *Levy* v. *Holberg*, 67
Miss., 526.

*Calhoon & Green*, for appellee.

It is not pretended that Mrs. Hyatt (Saunders) had any title
to convey to Henderson by the deed of May 4, 1893. It is

not disputed that she conveyed the land in good faith by warranty deed to Monti in 1880, and she never possessed nor claimed it afterwards. So, if there is any superiority of Henderson's title, it arises alone under the registry acts, and not by reason of the deed itself. It is perfectly clear from the circumstances surrounding the parties, and from the Henderson deed itself, that Henderson was endeavoring to acquire a deed to this land from Mrs. Hyatt without letting her know she was making a deed that embraced them. She did not pretend to own them, and Henderson was using such general terms in the deed that it would purport to convey lands to which there was no deed of record, in order to try to avail of the registry act.

Henderson was charged with notice of the Monti deed by the language of his own deed. It means that there are other deeds made by Saunders and herself, but that only those deeds of record are to be counted as embraced in the exception. He is bound to take notice of the recitals of his own deed. *Stewart* v. *Matheny*, 66 Miss., 21. If the doctrine of notice is not to be emasculated, we must continue to hold that whatever is sufficient to give notice to a party, is notice of everything which inquiry, if made, would disclose. *State* v. *Allen*, 69 Miss., 528; *Buck* v. *Paine*, 50 Miss., 648.

The facts show notice. Henderson was then making an abstract. The sheriff and tax collector swears that the records in his office showed that Cameron owned the land, and was paying taxes on it. It is a part of an abstract of title to ascertain the condition of the taxes on property. Cameron swears Henderson inquired of him before May 4, 1893. The evidence shows that Cameron was in possession of the land, and possession is notice. *Dixon* v. *Lacoste*, 1 Smed. & M., 107.

Henderson was not a purchaser in good faith, and not within the purview of the protection of the registry acts. The purchasers for a valuable consideration, of the registry acts, are the *bona fide* purchasers for value as defined by the courts. *Wailes* v. *Cooper*, 24 Miss., 229; *Claiborn* v. *Holmes*, 51 Miss., 146.

Henderson was an attorney fixing up an abstract of the titles of the county.   He obtained the information that the records did not show that Mrs. Saunders had conveyed this land, and proceeded to acquire a deed from Mrs. Saunders to the lands owned by her by devise which are not shown by the records to have been conveyed, and, where the lands have been conveyed by unrecorded deeds, also to acquire a deed to these, thus seeking to acquire as well as maintain title under the registry acts. Is such a purchaser acting in good faith as respects the purchase of the lands and acquiring a title believed by him to be good?   His very bargain is for an unmeritorious advantage over others.

Whatever will put a party upon inquiry, which, if pursued with ordinary diligence and understanding, would lead to knowledge of the requisite fact, is notice of it.   *McLeod* v. *Bank*, 42 Miss., 112.   A subsequent purchaser or creditor, about to deal with the property, if he has notice of a prior claim or equity, or of facts, which, if followed up, will discover the truth, is put under duty to make the investigation, and if he fails to do so, is chargeable with knowledge which inquiry would have disclosed.   *Park* v. *Foy*, 43 Miss., 260; *Buck* v. *Paine*, 50 Miss., 655.

WOODS, J., delivered the opinion of the court.

The record presents the case of one seeking to shelter his attack upon another claiming by an unrecorded deed under our registry laws.   Those laws are designed to shelter only purchasers in good faith.   Now, the very deed from Mrs. Hyatt to appellant gave him notice that some of the deeds made by Mrs. Hyatt to purchasers of lands once belonging to her were unrecorded.   Not only this, but the eighth interrogatory to appellee and his answer thereto (which was improperly excluded by the court below, because of the mere form of the question), and the ninth interrogatory and the answer thereto, in the same deposition, show that appellant had actual notice

Syllabus.

of the deed from Mrs. Hyatt to Giacomo Monti, and, despite the form of words employed in Mrs. Hyatt's deed to appellant, it cannot be successfully maintained that one purchasing with actual knowledge of a former unrecorded deed shall take against the earlier purchaser under the unrecorded deed, no matter what jugglery of words were employed in the subsequent conveyance.

*Affirmed.*