ANDERSON, Justice,
for the Court:
This is an appeal of an August 15, 1986, judgment of the Chancery Court of George County, whereby a deed executed in favor of appellants, Helen Tucker Breeden and Alene T. Murray, was declared invalid as against an earlier deed executed in favor of their brother. We affirm.
FACTS
John and Mary Magdalene Moody (Maggie) Tucker had four children: Gus, Calvin, Helen Tucker Breeden, and Aleñe Tucker Murray. On January 27, 1951, when John was 59 years old and Maggie was 58, they deeded their homeplace in Lucedale, *1109 George County, Mississippi, consisting of approximately 30.38 acres to their eldest son, Gus, reserving unto themselves a life estate. On August 24, 1972, when John and Maggie were in their 80’s, they executed a second deed to their two daughters, Helen and Alene, once again reserving a life estate. The 1972 deed was recorded on August 29, 1972. John died on August 1, 1979, at the age of 87. Maggie died on October 20, 1984, at the age of 92. Gus died two months after his mother on December 27, 1984. Gus was survived by his wife, Rosie McLain Tucker, and his two children, Homer Tucker and Patricia Tucker Kitchens. On January 10, 1985, Homer recorded the 1951 deed.
On February 26, 1985, Helen and Aleñe filed suit to quiet and confirm title and for damages against their brother Calvin and Gus’ heirs. In their complaint Helen and Aleñe claimed to have been in possession of the property since 1972 and asked that the 1951 deed be cancelled. In their answer Homer and the other defendants averred that the 1951 deed was the valid deed and as affirmative defenses alleged that Helen and Aleñe were not and had not been in possession of the property, that the 1972 deed was procured by undue influence, and that Helen and Aleñe did not have a separate right to the property because they were not bona fide purchasers for value without notice. The defendants cross-complained seeking to have the 1972 deed can-celled. In their answer to the cross-complaint, Helen and Aleñe raised the affirmative defense of laches.
Hearing was held on December 12, 1985. The proof established that as of the time of the lawsuit none of John and Mary’s children had taken actual possession of the property. Helen and Aleñe claimed that they were not aware of the 1951 deed. Calvin and Gus’ widow, Rosie, claimed that Helen and Aleñe had known about the 1951 deed since shortly after its execution. Calvin claimed he was present in 1951 when his mother told Helen and Aleñe about the 1951 deed and that they responded that they did not want the land anyway. Calvin also stated that when he reminded Helen about the 1951 deed, Helen responded it was not valid because it had not been recorded. Homer stated that shortly before his father, Gus, died, he told Homer he had the 1951 deed and it was his (Gus’) and his father’s (John’s) desire that the property be evenly divided among the four siblings. The defendants, Calvin and Gus’ heirs, maintained throughout that it was their plan to follow John’s wishes and evenly divide the land.
On December 13, 1985, the chancellor rendered his opinion, determining that Helen and Aleñe knew about the 1951 deed and, therefore, were not innocent purchasers without notice and denied the relief requested. The chancellor further ordered that the judgment should be recorded in the land deed records in George County to show the 1951 deed took precedence over and was valid against the 1972 deed. On December 16 and 17, 1985, and again on March 5, 1986, the appellants, Helen and Aleñe, filed a motion and an amended motion requesting that the chancellor explicitly rule on the affirmative defenses of lach-es and statutes of limitation (Mississippi Code Annotated, Sections 15-1-7 and 15 — 1— 9). On August 15, 1986, the chancellor entered judgment finding the 1951 deed valid. The chancellor rejected the appellants’ position that the appellees were es-topped by laches or statute.
LAW
DID THE CHANCELLOR ERR IN FINDING THAT THE STATUTES OF LIMITATION, §§ 15-1-7 AND 15-1-9 DID NOT APPLY TO A DEED OF RECORD FOR MORE THAN TWELVE YEARS?
The appellants, Helen and Aleñe, argue that the trial court erred in rejecting their defense that the appellees had failed to act within the ten-year statutes of limitation when they cross-complained to have the 1972 deed cancelled. They contend that the trial court’s error lies in the fact that their deed, the 1972 deed, had been of record for over 12 years at the time suit was filed and in the fact that they had actual or constructive possession of the *1110 property from 1972 on. The appellees argue that the statutes of limitation do not apply because their parents, the grantors, who had retained a life estate, continued as sole possessors of the land until their deaths and because appellants had actual notice of the existence of the 1951 deed.
Under Mississippi law, a grantee of land takes the land subject to a prior unrecorded deed from his grantor of which he has actual notice. Henderson v. Cameron, 73 Miss. 843, 20 So. 2 (1896). See also, Mills v. Damson Oil Corp., 686 F.2d 1096, 1101 (5th Cir.1982). The chancellor found on substantial evidence that Helen and Aleñe had actual notice of the 1951 deed. Because the appellants did not have good title to the land by virtue of their 1972 deed, they would have to meet each of the elements of proof in order to establish their defense of adverse possession.
The proof established that the grantors were in sole possession of the property until their deaths. Maggie Tucker died in December 1984. Because the grantors reserved a life estate, under either deed, the children did not have an interest in the property until December 1984. Therefore, to succeed in a claim of adverse possession against the appellees, the appellants, Helen and Aleñe, would have to be in actual adverse possession for ten years from Maggie Tucker’s death. See, MCA §§ 15-1-13, 15-1-7 and 15-1-9. Clearly, they were not. The chancellor did not err in determining that Helen and Alene’s affirmative defense of adverse possession did not apply. While the chancellor did not expressly find that Helen and Aleñe did not take actual possession of the land, this finding necessarily flows from their admissions. Helen and Aleñe admitted that they never took actual possession of the property. Helen also stated that her father had paid the taxes and that the tax record was still in his name.
This Court will not reverse a chancellor on questions of fact, unless, based on substantial evidence, he is found to be manifestly wrong. Brown v. Williams, 504 So. 2d 1188, 1192 (Miss.1987). The evidence in this case amply supports the chancellor’s determination.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.