## BELT ET AL. *v.* ADAMS.

[86 South. 584, No. 21253.]

1. PROCESS. *Publication in lieu of summons must strictly comply with statute, and failure to do so is not cured by recitals in decree.*

It is a well-settled law in this state that when a notice is to be given in lieu of personal summons all the requirements of the statute must be strictly complied with in order to give jurisdiction of the person. This being a jurisdictional matter, it is not cured by a recital in the decree that notice was given against a direct attack on such decree.

2. VENDOR AND PURCHASER. *Payment of debt before sale under vendor's lien avoids sale.*

Where a bill was filed to establish and foreclose a vendor's lien, and where the debt was adjudged and a sale ordered, the payment of the debt before sale discharges the power, and a sale made subsequent thereto is void.

3. INFANTS. *Proof required to bind minors in suit to establish vendor's lien stated.*

Where a suit is filed in the chancery court to establish a vendor's lien in which infants are parties defendant, proof must be taken to establish the indebtedness, and that it is a legal charge on the land, and the mere note sued on is not sufficient for this purpose.

4. EXECUTORS AND ADMINISTRATORS. *Executor cannot purchase at chancery sale to pay debts, and his vendees do not acquire title.*

Where a person is made an executor of a will and is directed in the will to pay the debts, and has sufficient funds from the estate to pay such debts, such executor is not permitted to allow a sale to be made and buy under such sale; and purchasers from such executor will not acquire a title good against the devisees or heirs of the testator, but take only such title as the purchaser acquired.

5. INFANTS. *Vendor and purchaser. Guardian's ad litem duty to represent infant throughout litigation; guardian ad litem not qualified to act as commissioner to foreclose vendor's lien.*

Where a person is appointed guardian *ad litem* for infants, it becomes his duty to represent the infant throughout the litigation, and he cannot act as a commissioner to make a sale of property in which the wards have an interest in such suit. The duties of the guardian *ad litem* and the duties as commissioner are inconsistent and conflicting, and a sale so made will not be upheld.

6. LIFE ESTATES. *Life tenant and vendee in possession prevent statute running against remaindermen.*

Where a life tenant conveys by deed or mortgage, and her vendee goes into possession, such possession is rightful during the life of the life tenant, and in such case the statutes of limitation do not begin to run against the remaindermen until the death of the life tenant.

APPEAL from chancery court of Tallahatchie county.
HON. W. F. GEE, Chancellor.

Suit by C. I. Belt and others against J. C. Adams. Decree for defendant, and plaintiffs appeal. Reversed and remanded.

The appellants filed a bill in the chancery court of Tallahatchie county against the appellee for the possession of certain lands and for rents thereon from 1917 to the date of the filing of this suit. The bill alleged that the appellants are children and representatives of children of L. Carlton Belt, who died in 1862 in Bullock county, Ga., which county was his domicile, and that he died seized and possessed of certain lands in Tallahatchie county, Miss., purchased from Wiley and W. A. Jenkins for a consideration of nine thousand dollars; that the said L. Carlton Belt died testate leaving a will, a copy of which is made an exhibit to the bill, by which will a life estate in all of his property was given to Mrs. E. T. Belt, widow of the testator and mother of the children, and that the remainder in fee on the termination of said life estate went to the children of the testator; that the will was duly probated in the state of Georgia in the year 1862, but was not probated in Mississippi until 1918, when it was filed for probate. Mrs. E. T. Belt, the life tenant, died in 1917, a short while before the

filing of the bill, and the complainants alleged that they had no knowledge of the claim of the appellee to said lands until after their mother's death in 1917.

The bill further alleges that in 1869 a suit was filed by Margaret Jenkins, administratrix of Wiley Jenkins, in the circuit court of Tallahatchie county, on the equity side of said court, to establish and foreclose a vendor's lien on the said lands for the purchase money, alleging that W. A. Jenkins had assigned to Wiley Jenkins his interest in the note sued on, and alleging that L. Carlton Belt departed this life testate in the state of Georgia, and that he appointed his widow, Elizabeth T. Belt, executrix of his last will and testament, but that the said executrix had never qualified under the said will in this state, nor had any administration been had on said estate in this state. It further alleged that one of the notes remained unpaid, except for the credit of five hundred dollars, which was paid on the 14th day of February, 1867.

It was further alleged that Talbert C. Belt, Willie B. Belt, and Lloyd I. Belt are minors under the age of twenty-one years, and that they are without a guardian appointed by the laws of this state; and the bill prayed for publication according to law be made to the parties defendant to the bill, and that on legal proof thereof that the court would appoint a guardian *ad litem* to answer for and protect the interest of the minors, and that on final hearing a commissioner be appointed to make sale of said lands.

It is further alleged in the bill in the present suit that no notice was ever made to the minor children, and that no order for publication had been made by the chancery court. The proceedings in *Margaret Jenkins* v. *Elizabeth T. Belt* were made exhibits to the original bill in this cause; the proceedings under said suit so made exhibit being a copy of the final record in said cause in Tallahatchie county, Miss. Under caption of "Proof of Publication," filed November ——, 1870, is the following:

"Margaret Jenkins to the Tallahatchie News Office, eighteen dollars and ninety cents, Charleston, Miss., No-

vember 16, 1870. Advertising, four squares, one dollar and fifty cents per square first insertion, each additional insertion, eighteen dollars; magistrate fees for affidavits, etc., ninety cents—eighteen dollars and ninety cents."

Then follows the affidavit as follows:

"State of Mississippi, Tallahatchie County.

"Personally appeared before me, M. W. Byers, justice of the peace in and for said county and state, L. G. Polk, one of the publishers of the Tallahatchie News, a public newspaper published in the town of Charleston, state and county aforesaid, who being sworn says the advertisement, a copy of which is hereto affixed, was published in said paper as follows:

"From No. 43, Vol. 9, dated October 29, 1870.

"From No. 44, Vol. 9, dated November 5, 1870.

"From No. 45, Vol. 9, dated November 12, 1870.

"From No. 45, Vol. 9, dated November 19, 1870.

"Sworn to and subscribed before me this the 28th day of November, A. D. 1870.

"BOOTH & POLK.

"[Publication notice missing from papers.]

"State of Mississippi, Tallahatchie County.

"I, M. W. Byers, justice of the peace, in and for said county, do hereby certify that the newspapers containing the advertisement referred to in the above affidavit have been examined and collected by me, and that the advertisement has been correctly published as therein stated.

"Given under my hand and seal this the 28th day of November, 1870.

"M. W. BYERS, J. P.      [Seal.]"

Then follows the affidavit of D. M. White as follows:

"December 7, 1870.

"Affidavit of Clerk.

"*Margaret Jenkins, Adm'x,* v. *Elizabeth T. Belt et al.*

"This day personally appeared in open court D. M. White, Clerk of this court, who makes oath as required

by the rule of this court, that he forwarded by mail as required by law to the defendants in the above cause at their stated residence, Augusta, Georgia, the order of publication taken at rules in the above cause.

"[Signed] D. M. White, Clerk.

"Sworn to and subscribed before me this the 7th day of December 1870.

"J. F. Simmons, Chancellor."

Thereupon the following, called a *pro confesso,* was taken against all of the defendants in which it is recited:

"It appearing to the court that the defendants in the above suit are nonresidents, and that they have been cited to appear at the present term of this court by publication made according to law and the order of publication sent by mail to their place of residence in the state of Georgia as required by law, etc.

"It is ordered that the allegation of the bill of complaint be taken as confessed. The clerk will please enter the above *pro confesso.*

"W. S. Eskridge, Solicitor for Complainant."

This is followed by an order on November 30th for the clerk and master to take and state an account showing the amount due complainant to this term. Then follows the report showing:

"Principal .............................. $2,500 00
Interest, eight years, eleven months ....... 1,337 95
Total due............................. 3,837 95"

And this is followed by the words:

"Correct balance, $4,271.60.

"[Signed] D. M. White, Clerk."

Then is followed a motion to appoint guardian *ad litem* for Talbert C. Belt, Willie B. Belt, and Lloyd I. Belt, minor defendants in the above suit to protect their interest. No order appointing a guardian *ad litem* appears in the record, but an answer by D. M. White, signed as guardian *ad litem,* stating that he is ignorant of the matter set forth in the bill of complaint, and calls for strict proof in such matters, and asks the court to protect their interest.

Then follows a decree signed by J. F. Simmons, chancellor, etc., dated the 2d day of December, 1870, in which the following recitals occur:

"This day came on to be heard before his honor J. F. Simmons, chancellor, presiding, the above-entitled cause on bill and *pro confesso* as defendant Elizabeth T. Belt, and on the answer of D. M. White, clerk of this court, the guardian *ad litem* to the minor defendants in said bill, to wit, Talbert C. Belt, Willie B. Belt, and Lloyd I. Belt, and exhibits"

—and proceeds to a judgment for four thousand, two hundred and seventy-five dollars and sixty cents, and granting the relief prayed to establish the vendor's lien and to order the sale of the land it described, unless within thirty days the sum of money be paid.

It is alleged in the bill that on the 15th day of February, 1871, the amount was paid off in full by Elizabeth T. Belt to the solicitor of the complainants, who is alleged to have had authority to make said settlement and to receive said money, and a receipt from the solicitor is made an exhibit to the bill in the present case.

It is further alleged that after this payment was made and the debt completely satisfied one Nicholette, purportting to be a deputy clerk and master, on the 6th day of March, 1871, sold, or pretended to sell, the lands described in the suit of *Jenkins* v. *Belt,* under the above decree at and for the sum of two hundred and twenty-five dollars, and that such sale was confirmed by the chancellor on the 4th day of July, 1871.

It is further alleged that the purchase money under this sale was not paid, and that such sale was not in good faith, and further alleged that Elizabeth T. Belt was disqualified from buying at such sale, because she was the executrix under the will and charged with the duty of paying the debts of the deceased, and that she had ample funds in her hands to pay the debts of the deceased, and had actually paid them from such funds prior to the said alleged sale, and that she was also disqualified because

she was a life tenant and under duty to protect the estate for the remainderman, and could not buy to their prejudice.

It is further alleged that in the year 1867 Elizabeth T. Belt borrowed from one F. E. Eve the sum of five thousand dollars, executing a mortgage on the lands described in this suit, and that Eve foreclosed said mortgage in the chancery court of Tallahatchie county subsequent to the said deed of trust and subsequent to the sale, or alleged sale, to Elizabeth T. Belt under the deed in the Jenkins case, and that Eve purchased at such sale, and that the defendant acquired title to some of the lands by direct conveyance from Eve and other of the lands from vendees of Eve.

It is further alleged that Eve had actual knowledge of the will and of the rights of the complainant, and that he was not a *bona fide* purchaser for value without notice. It is also charged that the defendant was charged with notice of matter through his chain of title sufficient to put him on inquiry, and that inquiry would have led to the discovery of facts sufficient to disclose the rights of the complainants. When the mortgage to Eve was foreclosed, it was bought in first for the sum of two hundred and forty dollars. The report of this sale was excepted to, and among other objections was that at least two hundred acres of the land was in a high state of cultivation, and very rich and worth full ten dollars per acre, and that it had sold for fifty cents per acre, and that the price was wholly inadequate, and constituted a fraud upon the rights of the defendant Elizabeth T. Belt. This exeeption was demurred to, and the demurrer overruled, and then an admission was filed, admitting all facts set forth in the exception. The chancellor set aside that sale, and ordered it resold, at which sale it brought two hundred and sixty-six dollars and eixhty-eight cents; which sale was confirmed. The appellants in the present case were not parties to that suit, and it is alleged had no notice thereof.

Subsequent to the filing of the present suit an application was presented to have the will probated in Mississippi, which was allowed. Certain of the original complainants

having died, their children, or heirs, were substituted, and the original bill was amended, and, as amended, was demurred to on several grounds, among which are: There was no equity on the face of the bill; that in so far as it seeks to set aside the sale in Jenkins case it is not maintainable, because the decree is valid and cannot be attacked for the alleged irregularities, and that more than two years had elapsed since the rendition of the said decree and since the parties complainant attained majority, and shows on its face that when the bill was filed more than five years had elapsed since the said decree and since the parties had attained majority; that the complainants were purely volunteers under the title of L. Carlton Belt, and that the title of L. Carlton Belt had been divested by a sale confirmed by a court having jurisdiction, founded on a suit to enforce a lien paramount to the suit of L. Carlton Belt; further, that the complainants had only a right on timely contribution by them to share in the benefit of the purchase by Mrs. Elizabeth T. Belt; also that more than ten years had elapsed before the filing of the bill after the right of action had accrued to the complainants, and also the bill showed on its face that the defendant and those through whom he claimed have held possession or been in receipt of rents and profits for more than ten years prior to the filing of the bill; that the bill shows on its face that Adams, the defendant, was purchaser for value without notice; that the bill shows on its face that Adams purchased the legal title without notice of equities or rights of the complainants, and that his equity is equal or superior to theirs, and that the legal title is in him; that the complainants fail to offer to do equity by offering to repay the purchase money paid by the defendant with interest; that the bill shows on its face that the will of L. Carlton Belt was not legally probated in the state of Georgia, nor in the state of Mississippi, for want of sufficient proof; that the bill shows on its face that the complainants' right, if any they had, against Mrs. Elizabeth T. Belt, by which her legal title, with their

equity, had been lost by failure within reasonable time to elect to share in the purchase, or to comply with the condition precedent by a contribution to the cost of the same before the purchase by others, in good faith, of the title from Mrs. Belt.

*J. W. Cutrer, Sam C. Cook, Jr., J. C. Cutrer, Evans & Evans* and *Woods & Kuykendall,* for appellants.

*Wilson & Armstrong, C. H. Hale* and *Gary & Rice,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

(After stating the facts as above.) There are many exhibits to the bill, and numerous allegations deemed not material for the purpose of this opinion to be set forth. In our opinion the allegations of the bill are sufficient, if true, to authorize the court to grant relief. While L. Carlton Belt at his death owed a note against the lands in controversy, which constituted a basis for the establishment of a vendor's lien, and in a proper proceeding, properly carried out, a sale thereunder would divest title out of the estate of said L. Carlton Belt, which title would be superior to the will and the rights created under the will, still the allegations of the bill are that the defendants had no notice under such suit, and that no order for publication had been made. The exhibits to the bill do not contradict this allegation, because the exhibits do not show any entry of an order of publication, or notice published, if any was published. The notice itself is missing from the record. It is well-settled law in this state that where a notice is to be given in lieu of personal summons, all of the requirements of the statute as to such notice must be strictly complied with in order to obtain jurisdiction of the person. This being a jurisdictional matter, it is not cured by recital in the decree against a direct proceeding attacking it. See *Ponder* v. *Martin et al.,* 119 Miss. 156, 80 So. 388; Id., 78 So. 929, and the authorities therein cited.

If, however, it be conceded that the notice was sufficient to bring the defendants into court, still the allegations of the bill show that the debt was paid off and discharged before the sale in that proceeding was had. The record fails to show, also, that any proof was taken as to the minors, the decree reciting only the answer of the guardian *ad litem* and the exhibits to the answer of the guardian *ad litem,* and the exhibit to the bill was merely a note which may or may not have been paid and discharged, or might have been void or voidable for some reason.

Again, the bill in the Jenkins foreclosure proceeding showed that Mrs. Belt was the executrix of the will of L. Carlton Belt, and that the testator had died testate at his home in Georgia, and that Mrs. Belt had qualified as executrix, and for that reason she could not permit the lands to be sold under the said note, and buy it in, because under the direction and terms of the will she was charged with the duty of paying the debts, and according to the allegation of the bill had sufficient funds from the estate of her husband to enable her to do so, and that she had actually done so. The proceeding was also defective because White appears to have been acting under appointment of the court in the capacity of guardian *ad litem,* and as such it became his duty to protect the interest of the minors throughout the proceeding, and might become his duty to attack a sale. We think he was incompetent to act as a commissioner in making the sale if in fact he had been appointed guardian *ad litem* for the minors. The two positions are antagonistic and inconsistent. See *Ponder* v. *Martin et al.,* 119 Miss. 156, 80 So. 388, *supra.*

Again the defendant claims through the deed of trust given by Mrs. Belt to Eve in 1867, long prior to the institution of the Jenkins suit. Of course, the deed of trust conveyed what title Mrs. Belt then owned, which under the will was the life estate. It is true that after the giving of the deed of trust she attempted to acquire title through the commissioner's sale above mentioned, and it is in-

sisted that the deed then obtained inured instantly by operation of law to Eve.

It is unnecessary to decide what effect this would have on a mortgage or deed of trust where at the time the party owned a limited or particular interest, and afterwards acquired a full and complete title before the sale, because if we concede that the deed, or whatever interest under the deed, acquired at the commissioner's sale, resulted by operation of law to vest in Eve, or his trustee, whatever interest she acquired, it could not have any greater effect than conveying to them such interest as she had, and they could not claim under this deed as *bona-fide* purchasers, because they would take the title charged with all the defects which existed in Mrs. Belt. The very proceeding in which this deed was made points out to all buyers the fact that she was not authorized, because of her trust relations, to purchase.

There are ample facts shown in the record to charge the defendant with notice, and if he had used any diligence in following up and investigating the facts and circumstances disclosed, the full extent of the complainant's right would have been disclosed. So, in our opinion, he bought the title with the infirmities to the same extent as if he had actually read the will and all of the proceedings charged in the bill.

The remaining question deemed necessary to deal with in this opinion is whether or not the remaindermen, the appellants, were barred by the statute of limitations. It is alleged in the bill that they had no actual knowledge of any of the facts prior to 1917. It is clear from the will that Mrs. Belt had the exclusive possession during her life, that is to say, until 1917, either in her own possession or through her vendees, and during this period of time no action could be brought for possession for the defendant, and his grantors were in rightful possession during the life of the life tenant. The deed of trust to Eve conveyed this life estate, and when he foreclosed it he was in possession rightfully

under this deed, and could not be displaced. We think these principles are fully settled, and that the appellants are not barred by the statute, by the decisions of *Reynolds* v. *Wilkinson,* 119 Miss. 590, 81 So. 278; *Clark* v. *Foster,* 110 Miss. 543, 70 So. 583; *Jordan* v. *Bobbitt,* 91 Miss. 1, 45 So. 311; *Morgan* v. *Hazlehurst Lodge,* 53 Miss. 665. The present case on its facts is distinguishable from the cases relied upon by the appellee. We think it error to sustain the demurrer to the bill and the judgment is reversed, and the cause remanded.

*Reversed and remanded.*