# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-IA-01401-SCT

*BRENDA S. LOTT AND FRANCES H. SAULTERS*

*v.*

*RALPH D. SAULTERS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/14/2012 |
| TRIAL JUDGE: | HON. DAVID SHOEMAKE |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | EUGENE COURSEY TULLOS |
| ATTORNEY FOR APPELLEE: | AUDRY REGNAL BLACKLEDGE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART; REMANDED - 01/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     This is an interlocutory appeal from the Chancery Court of Covington County. We are asked to determine whether the plaintiff, Ralph D. Saulters, has alleged sufficient ownership interest in a disputed piece of land to sustain his complaint to clear title to his alleged remainder interest; whether the various allegations in his complaint fall under the ten-year statute of limitations to recover land or the general three-year statute of limitations governing fraud; and whether the relevant statute of limitations has expired. The chancellor denied the defendants' motion to dismiss, holding that Ralph's valid claims are not time-barred. We affirm the chancellor's holding that the claim to quiet title is not barred by the statute of

limitations. However, because any claims for actual and punitive damages are barred as untimely, we reverse the chancellor's holding as applied to Ralph's claims for damages.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. Frances Saulters is the mother of Ralph Saulters and Brenda Lott. According to Ralph's complaint, on June 11, 2001, Frances conveyed real property in Covington County via a warranty deed to Ralph, reserving for herself a life estate. Four months later, on October 24, 2001, Frances executed a second warranty deed which conveyed the exact same property to Brenda, once again reserving for herself a life estate. At the time the second deed was executed, Brenda had actual knowledge of Ralph's deed and "understood that Ralph was going to have his instrument recorded." On that same day, October 24, Ralph and Brenda each recorded their respective deeds. Brenda beat Ralph to the courthouse by forty-five minutes; Brenda's deed was stamped filed at 10:25 a.m., while Ralph's was stamped filed at 11:10 a.m.

¶3. On January 3, 2012, more than ten years after Brenda recorded her deed, Ralph brought the present action to set aside the deed to Brenda, to remove cloud and quiet title, to confirm title, for failure of covenants of warranty of deed, and other relief. Ralph also seeks actual and punitive damages from Frances and Brenda, alleging that Frances violated the covenants of warranty in the first deed, that Brenda took her deed with actual knowledge of his deed, and that Brenda procured her deed from Frances by undue influence, fraud, and bad faith. Brenda and Frances moved to dismiss the action, asserting that Ralph's claims were barred by the statute of limitations. The chancellor denied Brenda's and Frances's

2

motion to dismiss, finding the following facts and holding that Ralph's action was not barred by the statute of limitations:

1. On June 11, 2001, Frances H. Saulters executed a Warranty Deed to Ralph D. Saulters which reserved a Life Estate in Frances H. Saulters.

2. Several months later, Frances H. Saulters executed a Warranty Deed on the exact same parcel of real property to Brenda S. Lott, which also reserved a life estate in Frances H. Saulters.

3. Both instruments were recorded on October 24, 2001. The instrument to Brenda S. Lott has a time of 10:25 a.m., and the instrument to Ralph D. Saulters has a time of 11:10 a.m.

4. Both instruments reserved a Life Estate in Frances H. Saulters, who is alive, and she has control over the real property as the holder of a Life Estate.

5. Since no adverse entry has been made due to France[s] H. Saulters' Life Estate, the statute of limitations has not expired.

¶4. Brenda and Frances then filed this interlocutory appeal. They argue first that Ralph cannot bring an action to recover the land because Brenda recorded her deed first, leaving Ralph with no possessory interest in the land on which to make a claim. They next argue that, even if Ralph has an interest in the land, the ten-year statute of limitations began to run the day Brenda recorded her deed and has now expired, barring Ralph's claim. They also argue that the three-year statute of limitations applying to claims based in fraud governs Ralph's claims because Ralph's complaint alleges that Brenda obtained her deed from Frances by fraud and seeks to have that deed canceled.

## DISCUSSION

¶5. "This Court uses a de novo standard of review when passing on questions of law including statute of limitations issues." *Stephens v. Equitable Life Assurance Soc'y*, 850 So.

3

2d 78, 82 (Miss. 2003). In deciding whether to grant a motion to dismiss, all of the allegations in the plaintiff's complaint must be taken as true, and the motion should be granted only where "it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." **Scaggs v. GPCH-GP, Inc.**, 931 So. 2d 1274, 1275 (Miss. 2006).

## I.    RALPH HAS SUFFICIENTLY ALLEGED AN OWNERSHIP INTEREST IN THE LAND.

¶6.    According to the complaint, Ralph obtained his deed first but recorded it second. Brenda obtained her deed second but recorded it first. Brenda knew about Ralph's deed at the time she obtained the second deed from Frances.  Under this set of facts, Ralph's deed takes priority over Brenda's deed, despite the fact that Brenda recorded her deed first. Mississippi is a "race-notice" jurisdiction. *See* Miss. Code Ann. § 89-5-1 (Rev. 2011).[1] Under the "race-notice" statute, a grantee has a superior claim to the land when he takes a deed *without notice* of a prior competing deed and then records that deed first; however, "a grantee of land takes the land *subject* to a prior unrecorded deed from his grantor *of which he has actual notice*." **Breeden v. Tucker**, 533 So. 2d 1108, 1110 (Miss. 1988) (emphasis added). Brenda would be able to claim superior title to the land only if she had no knowledge of Ralph's deed at the time she obtained her deed and if she recorded her deed first. Brenda may have won the race to the courthouse, but she loses on the issue of notice. Taking the

---

[1] " . . . [A] conveyance of land shall not be good against a purchaser for a valuable consideration without notice, or any creditor, unless it be lodged with the clerk of the chancery court of the county in which the lands are situated to be recorded, but after filling with the clerk, the priority of time of filing shall determine the priority of all conveyances of the same land as between the several holders of such conveyances."

allegations of the complaint as true, Ralph has a valid ownership interest in the land and therefore has grounds to bring a suit to clear title to his remainder interest.

## II. RALPH'S CLAIMS FALL UNDER THE TEN-YEAR STATUTE OF LIMITATIONS GOVERNING ACTIONS TO RECOVER LAND, NOT THE THREE-YEAR STATUTE OF LIMITATIONS THAT GOVERNS FRAUD.

¶7. Brenda and Frances argue that Ralph's claim for cancellation of Brenda's deed falls under the general, three-year statute of limitations because it alleges fraud. This requires us to address the question of whether an action to cancel a deed that was fraudulently conveyed falls under the three-year statute of limitations governing actions based on fraud, or if it falls under the ten-year statute of limitations governing actions to recover land. We hold that, where a plaintiff alleging a possessory interest in the land brings an action to clear title or to recover land obtained by fraudulent conveyance, that action is governed by the ten-year statute of limitations.

¶8. Actions to recover land are subject to the ten-year statute of limitations found in Mississippi Code Sections 15-1-7 and 15-1-9. In relevant part, Section 15-1-7 provides:

> A person may not make an entry or commence an action to recover land except *within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued* to some person through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same.

Miss. Code Ann. § 15-1-7 (Rev. 2012) (emphasis added). Similarly, Section 15-1-9 provides:

> A person claiming land in equity may not bring suit to recover the same except within the period during which, by virtue of Section 15-1-7, he might have made an entry or brought an action to recover the same, if he had been entitled

5

at law to such an estate, interest, or right in or to the same as he shall claim therein in equity.

Miss. Code Ann. § 15-1-9 (Rev. 2012). A suit to remove a cloud on title is considered an action to recover land. *O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 873 (Miss. 2001).

¶9. Unlike the legislatures of most states, our Legislature has not created a statute setting a shorter limitations period on actions to recover land obtained by fraud; in fact, Section 15-1-9 states that actions to recover land based on fraud will have a ten-year statute of limitations:

> A person claiming land in equity may not bring suit to recover the same except within the period during which, by virtue of Section 15-1-7, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such an estate, interest, or right in or to the same as he shall claim therein in equity. However, in every case of a concealed *fraud*, the right of any person to bring suit in equity for the recovery of land, of which he or any person through whom he claims may have been deprived by such fraud, shall be deemed to have first accrued at and not before the time at which the fraud shall, or, with reasonable diligence might, have been first known or discovered.

Miss. Code Ann. § 15-1-9 (Rev. 2012) (emphasis added).

¶10. We have twice applied the ten-year statute of limitations in cases where fraud was alleged in an action to recover possession of real estate. *Jones v. Rogers*, 85 Miss. 802, 38 So. 742, 748 (1905), *overruled on other grounds by Kennedy v. Sanders*, 90 Miss. 524, 539-40, 43 So. 913, 915 (1907); *Aultman v. Kelly*, 109 So. 2d 344, 349 (Miss. 1959). In *Jones*, we explained–in the context of an action to recover land–that to take advantage of the concealed-fraud provision of Section 15-1-9 quoted above, plaintiffs must allege "that complainants did not discover or know of this fraud over *10 years* before instituting their suit." *Jones*, 85 Miss. 802, 38 So. 742, 748 (1905) (emphasis added). Likewise, in *Aultman*,

6

where heirs sought to cancel a mineral deed they alleged was procured from their father by fraud, we stated that the heirs "were required to institute a suit within ten years from the accrual of their right." *Aultman*, 109 So. 2d 344, 349 (Miss. 1959).

¶11.   We disagree with the Fifth Circuit's interpretation of Mississippi law on this issue in *Suthoff v. Yazoo County Industrial Development Corporation*, 722 F. 2d 133 (5th Cir. 1983).[2] In it, the Fifth Circuit applied a three-year statute of limitations to an action where the plaintiffs alleged that they were fraudulently induced to sell land under the auspices that their property would be condemned. *Suthoff*, 722 F. 2d 134-35 (5th Cir. 1983).  The court acknowledged that "the ten-year period for the recovery of land has been applied in two actions in Mississippi to set aside conveyances allegedly procured by fraud," but noted that no Mississippi court had decided "the precise issue [of] whether such an action is governed by the statute relating to actions for fraud or the statute relating to actions to recover land." *Id.* at 137.

¶12.   In applying the shorter statute of limitations, the Fifth Circuit followed the rule used by the majority of states. We decline to follow this majority rule, because, as mentioned above, the Mississippi Legislature, unlike the majority of states, has not created a statute setting a shorter period of limitation on actions to recover land on the grounds of fraudulent conveyance. A case from Utah, cited in *Suthoff* as support for this majority rule, explains the majority rule and illustrates why it should not be the rule in Mississippi given our current statutory scheme:

---

[2] While often persuasive, Fifth Circuit determinations of unsettled Mississippi law are not binding on this Court.

7

The legislature of this state, ***as in nearly all other states***, has seen fit to fix a shorter period of limitation upon actions for relief upon the ground of fraud or mistake than for recovery of possession of real estate. This is for the very cogent reason that a person claiming to have been defrauded or to have been induced to enter into a contract by mistake should not be permitted to allow a great length of time to elapse after discovery of the fraud or mistake before instituting his suit . . . .

***Davidsen v. Salt Lake City***, 95 Utah 347, 81 P.2d 374, 376-77 (1938) (emphasis added).

¶13.    Because our Legislature has not created a law shortening the time to bring an action to recover a fraudulent conveyance, and because our current statutory law imposes a ten-year statute of limitations for actions to recover land based on fraud, we decline to adopt the majority rule. We hold that, where a plaintiff alleging a possessory interest is seeking to regain title to land lost by a fraudulent conveyance, or to clarify his own title clouded by fraudulent conveyance, the action still falls under the ten-year statutes applying to actions to recover land, despite the presence of allegations of fraud.[3]

### III.    THE TEN-YEAR STATUTE OF LIMITATIONS WILL NOT BEGIN TO RUN AGAINST RALPH UNTIL THE TERMINATION OF THE LIFE ESTATE.

¶14.    Brenda and Frances argue that, even if the ten-year statute of limitations applies, it has expired because Ralph waited more than ten years after Brenda recorded her competing deed

---

[3] We note that an action to cancel a fraudulent conveyance *can* fall under the three-year statute of limitations where the plaintiff does *not* allege a possessory interest in the land. *See **O'Neal Steel, Inc. v. Millette***, 797 So. 2d 869 (Miss. 2001), holding that the three-year statute applied where a plaintiff-creditor sought to cancel a deed the defendant-debtor conveyed to a third party in order to avoid a judgment lien. We further note that today's decision overrules ***McWilliams v. McWilliams***, 970 So. 2d 200 (Miss. Ct. App. 2007), in which the Court of Appeals erroneously applied the reasoning of ***Millette***, incorrectly applying the three-year statute where a plaintiff sought to recover land he allegedly was fraudulently induced to convey.

to file his complaint. But, because Ralph is a remainderman who does not yet have the present right to possess the property, the statute of limitations has not yet begun to run on his cause of action to clear title to his future interest. Traditionally, remaindermen do not have an obligation to bring actions during the precedent estate that are related to the present right to possess the land, such as adverse possession, partition, ejectment, and trespass, etc. *See **Belt v. Adams***, 124 Miss. 194, 86 So. 584, 588 (1920); ***Reynolds v. Wilkinson***, 119 Miss. 590, 81 So. 278, 280 (1919); ***Clark v. Foster***, 110 Miss. 543, 70 So. 583, 585 (1916); ***Hoskins v. Ames***, 78 Miss. 986, 29 So. 828 (1901); ***Wilson v. Parker***, 14 So. 264, 265-66 (Miss. 1894). We stated in ***Clark*** that "[n]one of the 10-year statutes of limitation invoked could begin to run until after the termination of the life estate." ***Clark***, 110 Miss. 543, 70 So. 583, 585 (1916). The rationale is that "[plaintiffs], as owners of the equitable estate after the death of the [life tenant], have not come into possession or enjoyment of their equity" and "cannot use it or have it appropriated to their use until the death of the life tenant." ***Id.*** We stated that, "in no event could [the statute of limitations] begin to run until the death of [the life tenant]."

¶15.    This general principle includes actions by a remainderman to clear title to his future interest, and it has been retained even where remainderman have been given the right by statute to go ahead and bring such actions during the precedent estate.[4][5] For example, in

---

[4] Mississippi Code Section 11-17-31 provides a cause of action to clear title in the face of a competing deed "whether such real owner be in possession or not . . . ." Miss. Code Ann. § 11-17-31 (Rev. 2004). Ralph has a present cause of action under this statute.

[5] The dissent is correct that Mississippi lacks recent caselaw on this specific issue; however, as we will explain, this rule has been retained by the Restatement of Property and other states that have more recently addressed the issue.

*Evans v. Graves*, a Texas case which is exactly on point with the situation at hand, a party

attempted to argue that, even though the general rule is that

> "[t]he statutes of limitations as to an interest in land, which one owns as a remainderman, subject to a life estate in another, do not begin to run in favor of one in possession until the death of the life tenant," that an "exception exists where the remainderman has an available remedy, or means of legally protecting himself, in which event, limitation would bar his rights even during the period of life tenancy . . . .The remedy available . . . was [a] suit to remove cloud from title to her future interest."

*Evans v. Graves*, 166 S.W.2d 955, 958 (1942). The court rejected this argument, stating,

> **Though [the remainderman] might have been able to maintain a suit during the life estate to quit title, yet she was not compelled to do so until right of possession accrued**. Restatement of the Law, Property, § 222, p. 902, states the rule generally applied; including states where, by statute, the action to quiet title or remove cloud is more comprehensive . . . says Restatement, supra: "Frequently the owner of a future interest as such can establish his ownership by a suit in equity to quiet title or to remove a cloud upon title or by analogous statutory proceedings legal or equitable. It might be reasoned that this fact should require him to avail himself of these rights of action and that the statutory period should thenceforth run, not only upon these equitable and statutory proceedings, but also upon the [actions] which might be brought when the interest becomes present. However, **these equitable and statutory proceedings are considered to be created for the additional protection of the owner of the future interest; and to hold that their existence causes the statute of limitations to run . . . would in considerable measure reduce the protection accorded to the future interest holder** when his estate becomes present. **It is therefore immaterial in computing the statutory period in an action. . . that, before the plaintiff's estate became a present interest, he could have brought suit to quiet title or to remove cloud on title** or could have commenced a statutory proceeding analogous to one of these."

*Id*. (quoting *Restatement (First) of Property* § 222 (1936) (emphasis added.) Similarly, in

Alabama, "while the remainderman may maintain an action to remove a cloud on his

reversion during the pendency of the life estate, he is under no duty to do so. . . ." ***Hinesley***

***v. Davidson***, 395 So. 2d 1, 5 (1981). We adopt this general rule and conclude that, in the

context of future interests, a present cause of action to clear title does not trigger the ten-year limitations period to run against a remainderman until the termination of the precedent estate.[6] The consequence of accelerating the running of the limitations period would be to create an obligation in all remaindermen to police record title to their future interest once a decade. That approach would abrogate, rather than add to, the traditional and common-sense protections afforded future interest holders. Therefore, even though Ralph's cause of action already has accrued, the statute is tolled until Ralph obtains a present right of possession at the termination of the life estate.

IV. **RALPH'S CLAIMS FOR DAMAGES ARE BARRED AS UNTIMELY.**

¶16. In addition to seeking to have the deed to Brenda set aside and the cloud on his title removed, Ralph also requests damages for the breach of warranty deed and punitive damages for all of the other wrongful conduct alleged in the complaint, including the above-mentioned fraud allegations, detrimental reliance, gross negligence, duress and undue influence, breach of fiduciary duty, bad faith, and conversion. Each of these claims falls under the three-year

---

[6] The dissent contends that the Legislature's enactment of Section 15-1-7 has altered the law applicable to the rights of remaindermen. But "[t]o the extent that statutes, by their terms and necessary implications, and the common law are not repugnant, they co-exist and will be given effect." *Sanders v. Neely*, 197 Miss. 66, 82, 19 So. 2d 424, 426 (1944). "The presumption is that the Legislature does not intend to make alterations in the law beyond what it explicitly declares, either by express terms or by necessary implication, and does not intend to overthrow fundamental principles or to infringe existing rights, without expressing or clearly implying such intention." *Clark v. Luvel Dairy*, 731 So. 2d 1098, 1104 (Miss. 1998) (quoting *Sanders*, 197 Miss. at 82, 19 So. 2d at 426). Nothing in Section 15-1-7 is distinguishable from the statutes of limitations found to be tolled until the termination of the precedent estate in *Wilson*, *Clark*, *Reynolds*, *Hoskins*, and *Belt*. Therefore, we reject the dissent's contention that Section 15-1-7 effected a change in the law.

11

statute of limitations contained in Section 15-1-49 as "actions for which no other period of limitation is prescribed," which are to "be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49 (Rev. 2012). Ralph provides no argument for why these claims should not run until the death of the life tenant, or why the statute of limitations did not begin to run on these claims as of October 24, 2001. We hold that these claims are barred as untimely.

### CONCLUSION

¶17.    We hold that Ralph's action to set aside Brenda's deed, remove the cloud on his title, and to quiet title to the disputed property is not time-barred. Because Ralph alleges a possessory interest in land, his claim is not governed by the three-year statute of limitations in Section 15-1-49. However, Ralph's claims for actual and punitive damages are barred by the three-year statute of limitations. Therefore, the judgment of the Chancery Court of Covington County is affirmed in its holding that the statute of limitations has not run on Ralph's claim to clear title to his remainder interest, reversed to the extent its holding that the statute has not run applies to Ralph's claims for actual and punitive damages, and remanded.

¶18.    **AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

**WALLER, C.J., KITCHENS, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND COLEMAN, JJ.**

**DICKINSON, PRESIDING JUSTICE, DISSENTING:**

12

¶19.    The majority correctly concludes that an action to clear title is treated as an action to recover land, and is subject to a ten-year statute of limitations. But because the majority tolls the statute in stark contrast to the statutory language, I respectfully dissent.

¶20.    With no analysis of the statute – and with no explanation of why it refuses to follow the clear statutory language – the majority has determined that the limitations period provided in Section 15-1-7 has yet to run. The statute says:

> A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or ***to bring the action shall have first accrued*** to some person through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same.[7]

¶21.    Under this statute, a ten-year limitations period starts to run when the right to bring a lawsuit accrues. There is no other way to read the language of the statute. After Ralph learned of Brenda's competing interest, his right to file this suit accrued, but he did not file it. Instead, he allowed more than ten years to pass before filing it, so the statute of limitations expired.

¶22.    Instead of following the statute's clear language, the majority opts to follow what it believes to be a "general rule" applied in the state courts of Texas and Alabama. These authorities might be persuasive if our statute left room for interpretation – but it does not. The Legislature has imposed a ten-year time limit for actions to clear title, and it begins to run when "the right . . to bring the action shall have first accrued."[8]

---

[7]Miss. Code Ann. § 15-1-7 (Rev. 2012) (emphasis added).

[8]*Id.*

13

¶23.    Further, I am compelled to respond to the cases cited by the majority which reference the statutes of limitations in other kinds of actions, and which were addressed by this Court in nearly century-old precedent that was decided under different law, and without consideration of the statutory language before us today.

¶24.    In **Wilson**, this Court applied a then-existing, *general* ten-year statute of limitations.[9] In **Clark**, we addressed a two-year statute for actions to recover land.[10] In **Reynolds**, we found that "section 3123, Code of 1906 (Section 2487, Hemingway's Code), had no application to the rights of a remainderman under a devise or grant in trust to take effect only after the termination of a particular estate until the rights of the remainderman fall into possession."[11] And in **Hoskins**[12] and **Belt,**[13] we held that limitations statutes would not run on actions to recover land when the remainderman had no right to bring his action. None of the cases addressed the statutory language we must apply in this case. Because Ralph was aware of Brenda's competing interest more than ten years before he filed his complaint, Section 15-1-7 bars his action to clear title.

¶25.    The majority makes clear its view that the Legislature's statute was a mistake because – if strictly enforced – it "would abrogate, rather than add to, the traditional and common-sense protections afforded future interest holders." And, because the statute fails to provide

---

[9]**Wilson v. Parker**, 14 So. 264, 266 (Miss. 1894).

[10]**Clark v. Foster**, 110 Miss. 543, 70 So. 583, 584 (Miss. 1916).

[11]**Reynolds v. Wilkinson**, 119 Miss. 590, 81 So. 278, 280 (Miss. 1919).

[12]**Hoskins v. Ames**, 78 Miss. 986, 29 So. 828 (Miss. 1901).

[13]**Belt v. Adams**, 124 Miss. 194, 86 So. 584, 588 (Miss. 1920).

these "common-sense protections," the majority concludes that, "even though Ralph's cause of action already has accrued, the statute is tolled until Ralph obtains a present right of possession at the termination of the life estate."

¶26. With respect, I must reject the majority's holding. It places this Court's view of what makes common sense above the Legislature's constitutional authority to make the laws. For the reasons stated, I would hold that the statute of limitations has expired, and I would reverse the chancellor's denial of the defendant's motion to dismiss.

**RANDOLPH, P.J., LAMAR AND COLEMAN, JJ., JOIN THIS OPINION**.