# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01152-COA

**ULYSSES CONLEY**                                                      **APPELLANT**

**v.**

**MARY FRANCIS WRIGHT**                                               **APPELLEE**

DATE OF JUDGMENT:          06/30/2014
TRIAL JUDGE:               HON. JOSEPH KILGORE
COURT FROM WHICH APPEALED: CARROLL COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:    VENECCA GREEN MASON
ATTORNEY FOR APPELLEE:     EDWARD D. LANCASTER
NATURE OF THE CASE:        CIVIL - WILLS, TRUSTS, AND ESTATES
TRIAL COURT DISPOSITION:   GRANTED APPELLEE'S MOTION TO
                           DISMISS
DISPOSITION:               AFFIRMED - 05/31/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     In May 2013, Ulysses Conley filed an action against his sister, Mary Francis Wright, in the Carroll County Chancery Court asking the court to set aside deeds and instruments that Wright had recorded in association with land conveyed to her, Conley, and their other siblings through an estate. Wright filed a motion to dismiss the action on the ground that the claim was barred by the statute of limitations. After conducting a hearing on the matter, the chancery court granted Wright's motion to dismiss. Aggrieved, Conley appeals. We affirm.

## STATEMENT OF FACTS

¶2.     In 1998, several instruments were filed in the chancery court concerning eighteen

acres of property located in Carroll County, Mississippi, and owned in part by Annie Dora Conley (Annie), the mother of Conley and Wright. The first instrument was a quitclaim deed filed by Annie on August 14, 1998, that conveyed ownership of part of the property to Wright in exchange for $10,000. Approximately one month later, a warranty deed was filed naming Wright as trustee of the entire property. The deed reflects that it was signed in 1993 by the parties but was not recorded until September 17, 1998. Finally, on November 18, 1998, Wright executed a warranty deed conveying to Annie a life estate in a portion of the property while reserving the remainder of the property for herself. In sum, these deeds transfered ownership of the property to Wright at the exclusion of her siblings.

¶3.     In 2000, Annie died. As administrator, Wright probated and closed the estate. During this process, the deeds concerning ownership of the property were reviewed, and a notice to creditors was published in 2002 regarding ownership and interest in the property. The estate was closed in 2004.

¶4.     In September 2011, Conley claims he discovered for the first time the 1998 deeds conveying interest and ownership of the property to Wright. Conley asserted that the deeds were illegal and improper, and began investigating the issue. On May 21, 2013, Conley filed his complaint in the chancery court against Wright. Wright denied all claims and filed a motion to dismiss claiming the statute of limitations barred the action from adjudication.

¶5.     In June 2014, the chancery court held a hearing on the motion. Shortly threafter, the chancery court issued its order granting the motion to dismiss. Therein, the chancery court stated:

The uncontradicted facts are that the most recent deed at issue was recorded in November of 1998 and the person conveying the property died thirteen years before this case was filed. Further, [Conley] failed to exercise reasonable diligence to discover the property transfer, a matter of which was public record.

The chancery court went on to reference the three-year general statute of limitations barring the action.

¶6. On appeal, Conley argues that the chancery court improperly applied the three-year general statute of limitations instead of the ten-year statute of limitations regarding recovery of property. Alternatively, Conley claims that the property is subject to a constructive trust that would not fall within an applicable statute of limitations.

## DISCUSSION

¶7. We analyze a trial court's grant of a motion to dismiss under a de novo standard of review. *See Walton v. Walton*, 52 So. 3d 468, 470 (¶8) (Miss. Ct. App. 2011) (citation omitted). A motion to dismiss should be granted when "it appears beyond doubt that the [movant] will be unable to prove any set of facts in support of his claim." *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006) (citation omitted).

¶8. Conley's first argument on appeal centers around the chancery court's application of the statute of limitations. In its order, the chancery court cited *McWilliams v. McWilliams*, 970 So. 2d 200 (Miss. 2007), for its proposition that the three-year general statute of limitations bars Conley's claim. Conley is correct in his assertion that the Mississippi Supreme Court overruled *McWilliams* with respect to the applicable statute of limitations regarding recovery of land in *Lott v. Saulters*, 133 So. 3d 794, 799-801 (¶¶7-13) (Miss.

3

2014). In *Lott*, the supreme court clarified that since our Legislature has not created a statute shortening the limitations period for claims regarding land recovery in equity, the governing statute remains Mississippi Code Annotated section 15-1-9 (Rev. 2012). *Id*. at 799 (¶9). Section 15-1-9 provides for a ten-year statute of limitations for land recovery in equity through explicit reference to Mississippi Code Annotated section 15-1-7 (Rev. 2012), which states: "A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued . . . ." Hence, the chancery court did err in its inference that a three-year statute of limitations was applicable.

¶9.     However, this error was harmless. As noted by the chancery court, the most recently dated deed associated with the transfer of ownership of the property was filed and became a public record in November 1998. All three of the deeds that conveyed ownership of the property to Wright occurred between August and November of 1998 – almost fifteen years from the filing of Conley's complaint. Nonetheless, the supreme court has noted that when a life estate is tied to property, the statute of limitations does not begin to run on a successive possessor's claim to the property until the person holding the life estate has passed. *In re Estate of Reid*, 825 So 2d 1, 7 (¶¶18-19) (Miss. 2002) (citation omitted). Hence, Conley's right to bring an action to recover the property accrued at the time Annie died in 2000.

¶10.    Even assuming there was concealed fraud in the property's conveyance through the 1998 deeds, the probate of Annie's estate provided a review of the deeds specifically. Hence, Conley would have been charged with the duty of discovering the alleged fraud during this

4

time through reasonable diligence. If nothing else, the 2002 publishing of a notice to creditors regarding the estate's ownership was a glaring opportunity for Wright's alleged fraudulent interest in the property to have come to Conley's attention.

¶11. The exercise of reasonable diligence would have revealed any purported inconsistencies in the property's ownership by 2002 at the very latest. We find no applicable exception to the statute of limitations at play here. This issue is without merit.

¶12. Finally, we address Conley's assertion that he is due relief in the form of a constructive trust. After reviewing the record in this case, we find no mention of the issue of a constructive trust having been presented to the chancery court. It appears that Conley's argument of a constructive trust has been presented for the first time on appeal to this Court. It is well settled "that issues not raised at trial cannot be raised on appeal." *Southern v. Miss. State Hosp.*, 853 So. 2d 1212, 1215 (¶5) (Miss. 2003) (citation omitted). "A trial judge cannot be put in error on a matter not presented to him." *Id*. at 1214 (¶5) (citation omitted). Accordingly, we are without authority to address Conley's argument regarding a constructive trust.

## CONCLUSION

¶13. We acknowledge that the chancery court erred in its reference to the three-year statute of limitations. Indeed, the ten-year statute of limitations was the proper statute of limitations to be applied here. However, such an error was harmless considering the length of time from the accrual of Conley's right to file the action and the date the action was filed. The deeds conveying the property to Wright became public record, at the latest, in November 1998.

5

After Annie's death in 2000, her estate was probated and a notice to creditors was published in 2002, thereby providing Conley with ample opportunity to take notice of Wright's alleged fraudulent interest in the property had he exercised reasonable diligence. While Conley presents numerous explanations for the fifteen-year delay in filing suit, these explanations do not negate that he and his siblings had a duty to exercise reasonable diligence to discover any alleged error regarding the property's ownership. We cannot find that the chancery court was erroneous in dismissing the action as barred by a statute of limitations. As we are without authority to review Conley's argument regarding a constructive trust, we rest on our prior conclusions and uphold the judgment of the chancery court dismissing Conley's action as time-barred.

¶14.   **THE JUDGMENT OF THE CARROLL COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**