# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01790-COA

KELVIN TRAVIS, CAROLYN TRAVIS, AND              APPELLANTS
ALL PERSONS OR ENTITIES AND ALL
UNKNOWN PARTIES IN INTEREST
CLAIMING AN INTEREST IN THE REAL
PROPERTY AND IMPROVEMENTS
DESCRIBED HEREIN

v.

GMAC MORTGAGE, LLC                               APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/2015 |
| TRIAL JUDGE: | HON. DAWN H. BEAM |
| COURT FROM WHICH APPEALED: | PERRY COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | MAURICE MCINTOSH FORSYTH |
| ATTORNEYS FOR APPELLEE: | TERRY L. CAVES |
| | RISHER GRANTHAM CAVES |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | ORDERED DIVESTITURE AND EXCHANGE OF REAL PROPERTY FROM KELVIN AND CAROLYN TRAVIS TO GMAC MORTGAGE LLC |
| DISPOSITION: | AFFIRMED - 03/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. In this appeal, we must decide whether the chancellor abused her discretion when, applying the doctrines of equitable estoppel and unjust enrichment, she ordered the divestiture and exchange of certain real property from Kelvin and Carolyn Travis to GMAC Mortgage LLC. Finding no abuse of discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2002, Donald Travis received a deed from R.C. Travis and Charles Travis, his father and uncle, to a parcel of land identified as Parcel A, located in Perry County, Mississippi.  Donald and his wife, Joe Ann Travis, contracted with DIMA Homes to construct a house on the property described as Parcel A.  They pledged the property as security for the construction loan.  DIMA built the home according to Donald's instructions, on what was believed to be Parcel A.  Donald believed the house was built within the boundaries of the deed.  Donald and Joe Ann signed a promissory note and deed of trust with Homecomings Financial Network Inc., pledging the house, improvements, and the land described as Parcel A as security for the loan.  Homecomings Financial Network paid off the DIMA construction loan.

¶3.    Donald and Joe Ann lived in the home from May 2003 until sometime in 2010 when they defaulted on the loan.  Homecomings Financial Network assigned the deed of trust and note to Nationstar Mortgage LLC in November 2010.  The property went into foreclosure.  During that time, Donald's brother and sister-in-law, Kelvin and Carolyn Travis, negotiated to purchase the home from Nationstar.  Pursuant to the sale, a title search and survey were performed, and the survey revealed that the house was located partly off of Parcel A.  In fact, the house was located partly on Parcel A, Parcel B, and Parcel C.  Donald and Kelvin's mother owned Parcels B and C.  Due to the location of the house, the contract for the sale of the home was cancelled.

¶4.    In January 2011, Nationstar foreclosed its deed of trust and conveyed the property to

2

Federal National Mortgage Association. Around the same time, Kelvin obtained a deed from his mother to Parcels B and C. He admitted at trial that he believed this would enable him to secure a lower purchase price of the house. Federal National Mortgage Association conveyed its interest in the property to GMAC Mortgage LLC in February 2012. After GMAC acquired the property, it learned that the house was not completely located on Parcel A.

¶5. In July 2012, Kelvin and Carolyn moved in to the house and lived there for approximately three years, rent free. Kelvin claimed that he made improvements prior to moving in to the property, but was unable to show any evidence of expenditures. He stated that he believed he would eventually obtain title to the house and Parcel A, but admitted knowing all along that GMAC claimed title to Parcel A. Kelvin further admitted that neither he, nor Travis, nor their mother objected to the location of the home during its construction.

¶6. GMAC filed suit in the Perry County Chancery Court against Kelvin and Carolyn (Travises) with claims of equitable estoppel, unjust enrichment, constructive trust, and ejectment. The Travises filed an answer but did not plead any affirmative defenses or assert any counterclaims. GMAC proposed to the chancellor a property exchange wherein the Travises would receive a 1.12-acre tract of land—an acreage equal to Parcels B and C; and GMAC would receive a two-acre tract of land containing the house—an acreage equal to Parcel A. The chancellor found that the Travises were not bona fide purchasers for value, and their occupation of the home constituted unjust enrichment. Applying the doctrines of equitable estoppel and unjust enrichment, the chancellor adopted the proposed exchange of

3

land, imposed a constructive trust, and ordered the ejectment of the Travises from the home. The Travises now appeal.

**STANDARD OF REVIEW**

¶7. Appellate courts review appeals from a chancery court under a limited standard of review. *Ward v. Harrell,* 186 So. 3d 410, 412 (¶11) (Miss. Ct. App. 2016) (internal citations omitted). "We will not disturb the chancellor's factual findings if they were supported by substantial evidence." *Id.* We will reverse the chancellor only if she abused her discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard. *Id.*

**DISCUSSION**

¶8. For the first time on appeal, the Travises argue that GMAC, through its predecessors in interest, had a duty to survey the land the subject home was constructed on. The Travises further contend that Donald was subjected to uneven bargaining power with DIMA Homes during construction of the house. In addition to being barred, we find these arguments lack merit.

¶9. It is well-settled law that issues not raised at trial are procedurally barred on appeal. *Conley v. Wright,* 193 So. 3d 663, 666 (¶12) (Miss. Ct. App. 2016) (citing *Southern v. Miss. State Hosp.,* 853 So. 2d 1212, 1215 (¶5) (Miss. 2003)). Not only did the Travises fail to raise these issues at trial, they also failed to plead any affirmative defenses or bring any counterclaims whatsoever before the chancery court. Additionally, in their brief before this Court, the Travises fail to cite any relevant legal authority to support their argument. We have previously held that "[f]ailure to cite to relevant authority results in a waiver of the issue

4

on appeal." *McKnight v. State,* 187 So. 3d 635, 653 (¶66) (Miss. Ct. App. 2015) (quoting *Bennett v. State,* 933 So. 2d 930, 953 (¶86) (Miss. 2006)). The Travises' failure to bring their arguments before the chancery court, as well as their failure to present any relevant legal authority before this Court, waived the consideration of their claims on appeal.

¶10.    Notwithstanding waiver of their claims, the Travises' contention that the chancellor was manifestly wrong is without merit. We note that a "chancellor's remedial powers have long been marked by plasticity." *Scafidi v. Hille,* 180 So. 3d 634, 654 (¶67) (Miss. 2015) (citing *Hall v. Wood,* 443 So. 2d 834, 843 (Miss. 1983)). And "[e]quity jurisdiction permits innovation that justice may be done." *Id.* In applying the doctrine of equitable estoppel, the Mississippi Supreme Court has stated the following:

> [I]f one man knowingly, though he does it passively by looking on, suffers another to purchase, and expend his money on land, under an erroneous opinion of title, without making known his claim, he should not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bound by an equitable estoppel.

*Elchos v. Haas,* 178 So. 3d 1183, 1193-94 (¶31) (Miss. 2015).

¶11.    Here, the chancellor found that the Travises—including Donald, Kelvin, and their mother—passively looked on while GMAC's predecessor in interest (DIMA) built the home on Parcels A, B, and C, without ever making known their claims to Parcels B and C. Accordingly, the chancellor found they were equitably estopped from claiming title to the house and the portions of land upon which it was constructed.

¶12.    In regard to the chancellor's application of unjust enrichment and constructive trust, our supreme court has made it clear they are equitable remedies. *Germany v. Germany,* 123

5

So. 3d 423, 431 (¶20) (Miss. 2013) (citing *McNeil v. Hester,* 753 So. 2d 1057, 1064 (¶24) (Miss. 2000)). The supreme court has stated, and the chancellor so noted, that "[u]njust enrichment applies to situations where there is no legal contract and the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." *Ground Control LLC v. Capsco Indus. Inc.,* 120 So. 3d 365, 371 (¶13) (Miss. 2013) (internal citations and quotation marks omitted). And a constructive trust is "created for the purpose of preventing unjust enrichment by one who holds legal title to property which, under principles of justice and fairness, rightfully belongs to another." *Jackson v. Mills,* 197 So. 3d 430, 439 (¶37) (Miss. Ct. App. 2016) (citing *McNeil,* 753 So. 2d at 1064 (¶24)).

¶13. Here, the chancellor found that the Travises were not bona fide purchasers of Parcels B, C, or the house, as they did not pay any value for the land or home, and they occupied the home with actual notice of GMAC's claim of right. As such, the chancellor found that the Travises' occupation of GMAC's property, without payment of value, constituted unjust enrichment and warranted the imposition of a constructive trust. Further, the property exchange ordered by the chancellor gave the Travises a tract of land commensurate with the size and value of Parcels B and C as originally conveyed to them in 2011. We do not find that the chancellor was manifestly wrong in her application of these equitable doctrines to fashion the remedy herein. Therefore, the Travises' claim is without merit.

¶14. **THE JUDGMENT OF THE PERRY COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

6

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**