# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01146-COA

DELIA TURNER AND AMY MOOD, CO-EXECUTRIXES OF THE ESTATE OF TOMMY TURNER, DECEASED, INDIVIDUALLY, DELIA TURNER AND AMY MOOD, CO-EXECUTRIXES OF THE ESTATE OF TOMMY TURNER, DECEASED, AS OWNER, OFFICER, STOCKHOLDER AND SUCCESSOR IN INTEREST TO QUALITY PROPERTIES, INC., TYLER TUCKER, EXECUTOR OF THE ESTATE OF BARRY TUCKER, INDIVIDUALLY, TYLER TUCKER, EXECUTOR OF THE ESTATE OF BARRY TUCKER, AS PRESIDENT, STOCKHOLDER, AND SUCCESSOR IN INTEREST TO QUALITY PROPERTIES, INC., AND QUALITY PROPERTIES, INC.

APPELLANTS

v.

CITY OF TUPELO, MISSISSIPPI

APPELLEE

DATE OF JUDGMENT: 02/07/2024
TRIAL JUDGE: HON. JOHN R. WHITE
COURT FROM WHICH APPEALED: LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS: WAYNE E. FERRELL JR.
ATTORNEYS FOR APPELLEE: CLAUDE F. CLAYTON JR.
DANA GAIL DEARMAN
NATURE OF THE CASE: CIVIL - CONTRACT
DISPOSITION: AFFIRMED - 03/17/2026
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND LASSITTER ST. PÉ, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.    Quality Properties Inc. conveyed approximately six acres of land to the City of Tupelo

in May 1999 in exchange for certain consideration, "including [the City] extending and

making certain improvements to Coley Road in Tupelo, Mississippi." In 2018, Quality Properties and others (the plaintiffs) sued the City for damages when these improvements did not materialize, asserting contractual and negligence-based claims against the City, as well as asserting that the City's actions constituted a wrongful taking under the United States and Mississippi Constitutions.

¶2. The City moved to dismiss the plaintiffs' lawsuit pursuant to Mississippi Rule of Civil Procedure 12(b)(6), asserting, among other arguments, that the plaintiffs' claims were barred by the applicable statutes of limitations. The Lee County Circuit Court granted the City's motion and dismissed the plaintiffs' case with prejudice.

¶3. After unsuccessfully moving for reconsideration, the plaintiffs appealed, asserting the following issues combined for conciseness: (1) the circuit court committed reversible error in determining that the plaintiffs' complaint was not timely filed within the applicable statutes of limitations; and (2) the circuit court committed reversible error in dismissing the plaintiffs' case with prejudice. Based upon our own de novo review, we affirm the circuit court's Rule 12(b)(6) dismissal of the plaintiffs' case with prejudice because it was untimely filed, though for reasons other than the reason given by the circuit court, as addressed below. *See Navient Corp. v. State ex rel. Fitch*, 313 So. 3d 1034, 1042 (¶35) (Miss. 2021); *Trigg v. Farese*, 266 So. 3d 611, 619 (¶17) (Miss. 2018).

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

¶4. Quality Properties conveyed 6.22 acres to the City pursuant to a warranty deed executed on May 24, 1999. The warranty deed provides that Quality Properties conveyed the

2

property "FOR AND IN CONSIDERATION OF Ten Dollars ($10.00) and other good and valuable consideration, including extending and making certain improvements to Coley Road in Tupelo, Mississippi."

¶5.     Over nineteen years later, on August 14, 2018, Tommy Turner, individually and as successor in interest to Quality Properties, and Quality Properties sent a notice of claims to the City "pursuant to [Mississippi Code Annotated section] 11-46-11" of the Mississippi Tort Claims Act (MTCA).  The next day, Turner and Quality Properties filed a complaint against the City, attaching and incorporating by reference Exhibit A, the 1999 warranty deed, and Exhibit B, a May 2, 2018 letter from City Attorney Ben Logan to Tommy Turner (the May 2, 2018 City Attorney letter).  The letter concerned the circumstances surrounding the 1999 6.22-acre conveyance that was part of a larger parcel of approximately sixteen acres and the Coley Road extension referenced in the warranty deed.  We discuss the contents of this letter in further detail below.

¶6.     On November 30, 2018, the plaintiffs filed an amended complaint, attaching and incorporating by reference the same Exhibits A and B and adding a third exhibit, the August 14, 2018 MTCA pre-suit notice letter (Exhibit C).[1]  After obtaining additional time within

---

[1] The August 14, 2018 MTCA pre-suit notice letter was sent just one day before Quality Properties and Turner filed their complaint against the City; however, the amended complaint was filed on November 30, 2018, over ninety days from the time the plaintiffs provided their MTCA pre-suit notice.  *Cf.* Miss. Code Ann. § 11-46-11(1) (Rev. 2019) (requiring that prior to proceeding with a claim against "a governmental entity" under the MTCA, "any person" must file a notice of claim "at least ninety (90) days before instituting suit"). Barry Tucker (individually and as president, stockholder, and successor in interest to Quality Properties Inc.) and Tom Sharpe (individually, as Administrator of the Estate of R. J. Wilemon, and as owner, officer, stockholder, and successor in interest to Quality Properties Inc.) were added as plaintiffs to the amended complaint.

3

which to serve process, the plaintiffs served the City with the complaint and amended complaint.

¶7.    The claims alleged and the relief sought in both complaints are essentially identical. In their operative complaint, the plaintiffs alleged:

> The Plaintiffs entered into a contract with the City [] wherein the Plaintiffs would convey by Warranty Deed to the City [] 6.22 acres in consideration for the sum of $10.00 and consideration for an interchange to be built and for the City [] to extend Coley Road, which was a local project to build a frontage road paralleling what was then U.S. Highway 78[] (and now is Interstate 22), and to provide access to real property owned by the Plaintiffs . . . .  The 6.22 acres was part of [a] larger parcel of approximately 16 acres that the City [] was seeking in order to build an interchange.

As further alleged in the plaintiffs' complaint:

> The City[] represented to the Plaintiffs . . . that an interchange would be built and would be built in a manner that would benefit Plaintiffs' property; that there would be an extension of Coley Road; that a frontage road would be constructed paralleling what was then U.S. Highway 78 (and now is Interstate 22), and would provide access to real property owned by the Plaintiffs.

¶8.    The plaintiffs alleged that in failing to construct the interchange and frontage road in this manner, "[t]he City . . . breached the covenant of good faith and fair dealing; wrongfully took property from the Plaintiffs without compensation; breached its contract with the Plaintiffs; was unjustly enriched; [and] caused the Plaintiffs to be damaged, because they relied upon the representations made by the City . . . to the Plaintiffs."

¶9.    For these alleged wrongs, the plaintiffs claimed, as follows:

> The Plaintiffs are entitled to a Judgment against the City . . . awarding the Plaintiffs damages in the amount of $3,500,000.00 for the City's . . . negligence; breach of covenant of good faith and fair dealing; failure to comply with Federal, State, County, and City ordinances, laws, rules, regulations, and procedures; failure to compensate the Plaintiffs for the illegal

4

taking of property; wrongfully taking property; taking and using property under false pretenses; and breach of contract. Further, the actions by the City . . . constitute an unjust, unreasonable, unconscionable, and uncompensated taking of real property, which violates the Plaintiffs' Federal and State constitutional rights and due process law.

¶10.  On December 18, 2018, the City filed a Rule 12(b)(6) motion to dismiss the complaint and amended complaint, asserting, among other arguments, that the "Plaintiffs' claims are barred by statutes of limitations, both the statute of limitations which required them to bring Tort Claims actions within one year and the statutes of limitations which required them to bring breach of contract actions and tort actions within three years."  Among other filings, the plaintiffs opposed the City's motion, and the City filed a reply in support of its motion.

¶11.  The plaintiffs filed a "Supplemental Amended Complaint" on June 28, 2021.  This complaint also attached and incorporated by reference Exhibits A-C as described above, and contained essentially the same allegations, claims, and demand for relief as contained in the complaint and amended complaint.[2]  As such, any reference to the plaintiffs' complaint also encompasses their supplemental amended complaint.

¶12.  The City served a Rule 12(b)(6) motion to dismiss the supplemental amended complaint on July 6, 2021, reiterating, among other arguments, that all the plaintiffs' claims were barred by the applicable statutes of limitations.  For ease of reference, we will collectively refer to the City's motions to dismiss in the singular.  Again, among other filings,

---

[2] During the course of this lawsuit, the claims of Plaintiff Tom Sharpe (individually, as Administrator of the Estate of R. J. Wilemon, and as possible stockholder and successor in interest of Quality Properties) were dismissed.  Plaintiffs Tommy Turner and Barry Tucker died.  Delia Turner and Amy Mood, Co-Executrixes of the Estate of Tommy Turner, were substituted as Plaintiffs for Tommy Turner.

the plaintiffs opposed the City's motion, and the City filed a reply in support of this motion.

¶13.    Following several continuances, the circuit court heard the City's motion to dismiss on January 3, 2024. The City's counsel asserted, among other arguments, that the statutes of limitations had run on all of the plaintiffs' claims at the latest by 2014, when "[t]he northern loop that was completed as part of the Tupelo thoroughfare plan was completed." The City's counsel further asserted that the circuit court could take judicial notice of this 2014 completion date because it is "a fact that is well known to everybody who is in this judicial district that might come to Tupelo to visit the mall or for whatever reason." According to the City, all of the plaintiffs' claims were covered by either the one-year limitations period pursuant to Mississippi Code Annotated section 11-46-11(3)(a) (Rev. 2019) of the MTCA, or the general three-year limitations period pursuant to Mississippi Code Annotated section 15-1-49 (Rev. 2019). As such, the City asserted that all of the plaintiffs' claims should be dismissed with prejudice because they did not file their complaint until August 15, 2018, which was over three years after 2014, when the northern loop portion of the Tupelo thoroughfare project was completed.

¶14.    During the plaintiffs' argument, their counsel conceded that "some of the claims are covered by the [MTCA's one-year limitations period]," including the claims regarding good faith and fair dealing and negligence. Plaintiffs' counsel asserted that the other claims were "covered by the three-year statute of limitations." According to the plaintiffs, their complaint was timely filed with respect to all their claims because the May 2, 2018 City Attorney letter "began the period for the statute of limitations," and their complaint was filed just three

months later.

¶15. On February 7, 2024, the circuit court granted the City's motion to dismiss and entered an order dismissing the plaintiffs' lawsuit against the City, with prejudice. Taking the allegations in the complaint as true, *see Durrant Inc. v. Lee County*, 344 So. 3d 291, 294 (¶6) (Miss. Ct. App. 2021), the circuit court judge assumed there was an "agreement between the City . . . and Quality Properties to build a frontage road and interchange near Plaintiffs' property . . . in Tupelo, Mississippi, in exchange for the conveyance of a 6.22-acre parcel of land in this area, which occurred on or about May 24, 1999." He further assumed the City breached that agreement. The circuit court judge then took judicial notice that the relevant interchange project was completed around September 2014 and determined that the three-year limitations period under section 15-1-49 applied. As such, the circuit court judge concluded that dismissal of the plaintiffs' case with prejudice was proper because their lawsuit was filed outside this limitations period.

¶16. The plaintiffs filed a motion for reconsideration, asserting that for various reasons, the circuit court erred in dismissing their complaint as barred by the three-year statute of limitations. The City responded, the plaintiffs filed a reply, and on September 13, 2024, the circuit court entered an order denying the plaintiffs' motion for reconsideration.

¶17. Plaintiffs appealed. For ease of reference, we collectively refer to the appellants as Quality Properties in our discussion below.

**STANDARD OF REVIEW**

¶18. "An appellate court reviews de novo the grant or denial of a motion to dismiss under

Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted." *Roedel Parsons Blache Fontana Piontek & Pisano v. State*, 412 So. 3d 1161, 1166 (¶14) (Miss. 2025). "The same standard applies to issues concerning the statute of limitations, including the one found in the [MTCA]." *Moton v. City of Clarksdale*, 367 So. 3d 979, 982 (¶8) (Miss. 2023).

¶19. "A motion brought under Rule 12(b)(6) is decided on the face of the pleadings." *Roedel Parsons*, 412 So. 3d at 1166 (¶14). In this regard, Rule 7(a) provides, in relevant part, that "[t]here shall be a complaint and an answer . . . . No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." M.R.C.P. 7(a). Without risking a Rule 12(b)(6) motion turning into one for summary judgment, "the court may [also] certainly consider . . . the documents attached to the complaint[] and the documents that are referred to in the complaint if they are central to the plaintiff's claim, even though they are not attached to the complaint." *DeLoge v. DeSoto County Sheriff's Dep't*, 230 So. 3d 1026, 1030 (¶12) (Miss. Ct. App. 2017) (emphasis omitted) (quoting *Breeden v. Buchanan*, 164 So. 3d 1057, 1068 (¶53) (Miss. Ct. App. 2015)); *accord Short v. Break Land Co. LLC*, 409 So. 3d 588, 596-97 (¶24) (Miss. Ct. App. 2024), *cert. denied*, 408 So. 3d 1274 (Miss. 2025). In assessing the viability of a Rule 12(b)(6) motion, "[t]he allegations in the complaint must be accepted as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Roedel Parsons*, 412 So. 3d at 1166 (¶14).

¶20. Additionally, because a de novo standard of review applies in this case, we are not

bound by the circuit court's rationale for why it reached its result; rather, we consider the legal sufficiency of the complaint anew. *Navient Corp.*, 313 So. 3d at 1042 (¶35). "If the circuit court reached the right result for the wrong reason, its judgment [will] be affirmed." *Trigg*, 266 So. 3d at 619 (¶17). Indeed, "[a] circuit court is not even required to explain why it granted or denied a motion to dismiss. . . . [Although] the circuit court's explanation may be helpful to the parties and the reviewing court, . . . its rationale is not controlling." *Id.* (internal quotation marks omitted).

## DISCUSSION

### I. Dismissal of Quality Properties' Case Pursuant to Mississippi Rule of Civil Procedure 12(b)(6) for Failure to File Within the Applicable Statutes of Limitations

¶21. Quality Properties asserts that the circuit court committed reversible error when it dismissed its lawsuit because it was filed outside the general three-year limitations period set forth in section 15-1-49. In particular, Quality Properties asserts that the circuit court erred by taking judicial notice that the interchange project was completed "around September 2014," using this date as the date upon which Quality Properties' claims accrued, and then concluding that the plaintiffs' lawsuit should be dismissed with prejudice[3] because their complaint filed on August 15, 2018, was filed nearly a year too late. Quality Properties also asserts that the circuit court erred when it failed to recognize that its lawsuit encompasses claims seeking to "remove cloud on title to the property" and "recover land," governed by the ten-year statute of limitations set forth in Mississippi Code Annotated section 15-1-7

---

[3] We separately address Quality Properties' assertion that its complaint should not have been dismissed with prejudice in Issue II below.

9

(Rev. 2019). We are unconvinced by Quality Properties' assertions. As we address below, we affirm the circuit court's Rule 12(b)(6) dismissal of the plaintiffs' case because it was untimely filed, though for reasons other than the reason given by the circuit court. *Navient Corp.*, 313 So. 3d at 1042 (¶35); *Trigg*, 266 So. 3d at 619 (¶17).

### A. Applicable Statutes of Limitations

¶22. As set forth in the plaintiffs' complaint and as the plaintiffs' counsel summarized at the hearing on the City's motion to dismiss, the plaintiffs have "pleaded causes of action for negligence, breach of contract, violation of good faith and fair dealing, breach of express representations, detrimental [reliance], unjust enrichment, and unfair taking, unconstitutional taking of property without due compensation to the plaintiffs." In their complaint, plaintiffs sought *only* monetary damages based upon these claims. We begin our analysis by addressing the statutes of limitations applicable to these claims.

¶23. "The [MTCA] provides the exclusive civil remedy against a governmental entity for lawsuits seeking money damages arising out of tortious actions." *Moton*, 367 So. 3d at 983 (¶10) (citing Miss. Code Ann. §§ 11-46-1 to -7 (Rev. 2019)); *accord Federinko v. Forrest County*, 381 So. 3d 343, 347 (¶18) (Miss. 2024). Upon review, we find that some of the plaintiffs' claims are governed by the MTCA's one-year statute of limitations. *See* Miss. Code Ann. § 11-46-11(3)(a).[4] As the plaintiffs acknowledged in the circuit court and as

---

[4] Section 11-46-11(3)(a) provides as follows:

All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute

10

supported by Mississippi law, these claims include their claims for negligence, *Prystupa v. Rankin Cnty. Bd. of Supervisors*, 339 So. 3d 147, 154 (¶26) (Miss. Ct. App. 2022), and breach of the implied covenants of good faith and fair dealing. *See Jones v. Miss. Institutions of Higher Learning*, 264 So. 3d 9, 23 (¶43) (Miss. Ct. App. 2018). Additionally, we find that the MTCA governs the plaintiffs' claims for detrimental reliance, *see Suddith v. Univ. of S. Miss.*, 977 So. 2d 1158, 1177 (¶¶43-44) (Miss. Ct. App. 2007),[5] and unjust enrichment. *E. Cornell Malone Corp. v. Marshall Cnty. Sch. Dist.*, 408 So. 3d 664, 668 (¶13) (Miss. Ct. App. 2025).

¶24.    The plaintiffs' remaining claims alleged in their complaint are governed by the general "catch all" three-year limitations period pursuant to section 15-1-49.[6] Namely, these claims include the plaintiffs' claims for breach of contract, *see Lott v. Saulters*, 133 So. 3d 794, 803 (¶16) (Miss. 2014) (breach of warranty deed); *In re Est. of Ware*, 348 So. 3d 277, 286 (¶22) (Miss. 2022); wrongful taking or conversion of property, *see Lott*, 133 So. 3d at 803 (¶16);

---

of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

Miss. Code Ann. § 11-46-11(3)(a).

[5] In *Suddith*, we listed "detrimental reliance" as one of the plaintiff's tort claims governed by the MTCA's one-year limitations period, *Suddith*, 977 So. 2d at 1177 (¶43), although it is merely an element of other causes of action that were not specifically pleaded in the plaintiffs' complaint here, such as equitable or promissory estoppel. *See Boyanton v. Bros. Produce Inc.*, 312 So. 3d 363, 372 n.2 (Miss. Ct. App. 2020).

[6] Section 15-1-49(1) provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."

*White v. White*, 355 So. 3d 233, 240 (¶18) (Miss. Ct. App. 2022); and an unconstitutional taking of property under the United States and Mississippi Constitutions.[7] *See City of Tupelo v. O'Callaghan*, 208 So. 3d 556, 568 (¶35) (Miss. 2017) (applying section 15-1-49's three-year limitations period "to claims under the Article 3, Section 17, Takings Clause");[8] *see also Moton*, 367 So. 3d at 984 (¶17) ("Given that there exists no statute of limitations specific to constitutional claims, the [plaintiff's constitutional due process claim, among other constitutional claims] must fall within Mississippi's general statute of limitations.").

### B. Accrual of the Plaintiffs' Causes of Action

¶25. Both the MTCA's one-year limitations period and the three-year limitations period under section 15-1-49 encompass discovery rules, but there is a distinction between the two rules. "[T]he MTCA's one-year statute of limitations begins to run when the claimant knows, or by exercise of reasonable diligence should know, of both the damage or injury, and the act or omission which proximately caused it." *E. Cornell Malone Corp.*, 408 So. 3d at 669 (¶15) (emphasis omitted) (quoting *Caves v. Yarbrough*, 991 So. 2d 142, 155 (¶53) (Miss. 2008)). With respect to "cases governed by section 15-1-49," however, "causes of action accrue upon discovery of the injury, *not discovery of the injury and its cause. Knowledge*

---

[7] *See* U.S. Const. amend. V; Miss. Const. art. 3, § 17.

[8] *See also Davis v. Biloxi Pub. Sch. Dist.*, 110 So. 3d 321, 326 (¶15) (Miss. Ct. App. 2011) ("The Mississippi Supreme Court has held that a state's personal-injury statute of limitations should be applied to all [42 U.S.C. §] 1983 claims." (quoting *Bankston v. Pass Rd. Tire Ctr. Inc.*, 611 So. 2d 998, 1003-04 (Miss. 1992))); *see also Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018) (determining that the plaintiff's federal takings claim was time-barred, noting that "[c]ourts considering claims brought under [42 U.S.C.] § 1983 must borrow the relevant state's statute of limitations for personal injury actions").

*of the cause of the injury is irrelevant to the analysis*; rather, the inquiry is when the plaintiff knew or should have known of an injury." *Hood v. A & A Excavating Contractors Inc.*, 338 So. 3d 145, 148 (¶8) (Miss. Ct. App. 2022) (emphasis added in *Hood*) (quoting *F & S Sand Inc. v. Stringfellow*, 265 So. 3d 170, 174 (¶9) (Miss. 2019)).

¶26.    Although we note this distinction between the two discovery rules, we point out that this distinction is not relevant here because there is no dispute that the plaintiffs knew of both their injury and its cause—the City's failure to build an interchange and a frontage road "to provide access to real property owned by the [p]laintiffs" in exchange for the plaintiffs' conveying a 6.22-acre parcel of land.  In this case, the issue is *when* the plaintiffs knew or should have known their injury occurred, which is a relevant factor under both discovery rules.

¶27.    Quality Properties asserts that the circuit court erred when it took judicial notice that the pertinent section of the interchange project (the Northern Loop) was completed around September 2014 and then found that the plaintiffs' causes of action accrued, at the latest, at that time.  Based upon this analysis, the circuit court found that the plaintiffs' lawsuit was filed outside the three-year limitations period under section 15-1-49.  We decline to address this argument, however, because we affirm the circuit court's Rule 12(b)(6) dismissal of the plaintiffs' lawsuit for reasons other than the circuit court's reliance on September 2014 as the date the plaintiffs' causes of action accrued.[9]

---

[9] The dissenting opinion addresses the issue concerning the circuit court taking judicial notice that the Northern Loop was completed around September 2014.  As noted, we do not address this issue because we affirm the circuit court's Rule 12(b)(6) dismissal of the plaintiffs' complaint for other reasons.

¶28. In undertaking our de novo review in this case, we bear in mind that a Rule 12(b)(6) motion "is decided on the face of the pleadings," *Roedel Parsons*, 412 So. 3d at 1166 (¶14), which, in this case, includes the plaintiffs' complaint and Exhibits A-C to their complaint. *See DeLoge*, 230 So. 3d at 1030 (¶12); M.R.C.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). We specifically note that the plaintiffs attached *and incorporated by reference* the May 2, 2018 City Attorney letter as Exhibit B to their complaint, which sets forth a timeline of events concerning the 1999 conveyance that we consider in our Rule 12(b)(6) analysis. *See Haidar v. Margetta*, 352 So. 3d 206, 211-12 (¶¶17-18) (Miss. Ct. App. 2022) (The Court considered, in detail, the content of text messages attached to the plaintiff's complaint in the course of the Court's Rule 12(b)(6) analysis, noting, "We consider these text messages to be incorporated within the complaint." (citing M.R.C.P. 10(c)).[10]

[10] The dissent asserts that "there is no reason to charge the plaintiffs with a wholesale adoption of all the letter's factual assertions," Dis. Op. ¶54, "'[w]hen the exhibit . . . is not the subject of the claim.'" *Id.* (quoting *N. Ind. Gun & Outdoor Shows Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). With respect, we do not find that this analysis is applicable here. Not only did the plaintiffs explicitly incorporate by reference the May 2, 2018 City Attorney letter into their complaint, but the timeline contained in that letter is also "central to [Quality Properties'] claims." *See DeLoge*, 230 So. 3d at 1030 (¶12). That is, the complaint itself alleges that the plaintiffs engaged in "numerous conversations" with the City concerning the frontage road—conversations that are more fully explained in the timeline contained in the May 2, 2018 City Attorney letter. That the plaintiffs allege they found it necessary to have these "conversations" with the City in the years leading up to the City's final May 2, 2018 letter is central to their claims.

Indeed, Quality Properties' brief describes these "conversations" in terms that plainly show they were held to address how the plaintiffs would be compensated because the frontage road project was not going to happen. For example, Quality Properties' brief provides that "[Quality Properties] and the City engaged in numerous negotiations about when and how the City of Tupelo was going to pay Quality Properties for the property . . . and when or if the City []would deed the property back to [Quality Properties]." This

¶29. The letter's timeline provides, as follows:

24MAY 99-Quality Properties [] conveys by warranty deed to the City . . . 6.22 acres in consideration of the cited $10.00 consideration, []including extending Coley Road in Tupelo, Mississippi. This parcel was part of a larger parcel of approximately 16 acres. . . . It is believed the referenced extension of Coley Road project was a local project to build a frontage road paralleling what was then U.S. Highway 78, now I-22.

03MAR08-Quality conveys by warranty deed the remaining acreage to R.J. Wilemon [(Wilemon)]. . . .

27JUL09-Quality [Properties] seeks voluntary dissolution through the Mississippi Secretary of State.

Summer of 2012-Negotiations were had between . . . Wilemon, the city, adjoining property owners, and MDOT to provide access to the remaining acreage conveyed by Quality [Properties] to Wilemon in 2008.

13SEP12-Legal counsel for Wilemon and adjoining property owners cannot reach agreement, and counsel for Wilemon ends discussion. . . .

06FEB14-Barry Tucker as President of the dissolved corporation, Quality [Properties], makes demand on the city to "convey the land back and provide equivalent access to it."

---

description essentially echoes the timeline entry in the letter that on February 6, 2014, "Barry Tucker as President of the dissolved corporation, Quality [Properties], makes demand on the city to 'convey the land back and provide equivalent access to it.'" Additionally, Quality Properties quotes from a portion of the letter's timeline in its own brief and seeks to bind the City to "the contents" of the letter by noting, "The City . . . never disputed the contents of Ben Logan's letter." *Id.*

We also find it relevant that Quality Properties makes no limitation on "the contents" of the May 2, 2018 City Attorney letter upon which it relies, nor did Quality Properties' appellate reply brief contain any argument contesting or questioning the City's use of the letter's timeline in its appellee's brief. "It is the duty of the briefing party to cite to authority which supports its argument," *Hatfield v. Deer Haven Homeowners Ass'n Inc.*, 234 So. 3d 1269, 1273 (¶14) (Miss. 2017); here, Quality Properties makes no argument at all that we should limit our consideration of the May 2, 2018 City Attorney letter. Under these particular circumstances, we find ample reason to utilize the timeline contained in the May 2, 2018 City Attorney letter in our Rule 12(b)(6) analysis. *See Haidar*, 352 So. 3d at 211 (¶17); M.R.C.P. 10(c).

FEB 14 to AUG l5-extensive discussions were had, seeking a "win win" resolution, but failed similarly to the 2012 discussions.

¶30. According to the timeline delineated in this letter, negotiations for a frontage road to provide access to the plaintiffs' property ended on September 13, 2012. We find that at this point, the plaintiffs knew, or should have known, that the City was not going to provide frontage road access to their property. Both the injury (lack of frontage road access) and the cause (the City's failure to provide the access) were known to the plaintiffs at this time. The plaintiffs' knowledge of this injury and its cause is made all the more clear by the next timeline entry: On February 6, 2014, Tucker, as president of Quality Properties, "ma[de] [a] demand on the [C]ity to 'convey the land back and provide equivalent access to it.'" Plainly, at this point, the plaintiffs knew that the alleged bargained-for frontage road would not come to fruition.

¶31. We find that at the very latest, therefore, the statutes of limitations on the plaintiffs' claims governed by section 15-1-49 accrued on February 6, 2014, and expired three years later in February 2017—over a year before plaintiffs filed their complaint on August 15, 2018. The plaintiffs' negligence, breach of the implied covenants of good faith and fair dealing, detrimental reliance, and unjust enrichment claims, all governed by the MTCA's one-year limitations period, likewise accrued on February 6, 2014. The limitations period for these claims expired in 2015—more than two years before plaintiffs filed their complaint. *See O'Callaghan*, 208 So. 3d at 569 (¶¶37-38); *Prystupa*, 339 So. 3d at 158-59 (¶39).

¶32. The Mississippi Supreme Court's analysis in *O'Callaghan* and this Court's analysis in *Prystupa* support our determination. In *O'Callaghan*, the plaintiffs sued the City of

16

Tupelo when a ditch near their property "began to erode[,] causing significant property damage and mold-related health issues." *O'Callaghan*, 208 So. 3d at 558 (¶1). The supreme court held on interlocutory appeal that the plaintiffs' claims were barred by the three-year general limitations period under section 15-1-49. *Id.*

¶33. The O'Callaghans asserted that they did not have notice of their claim against the City of Tupelo until they were informed by an engineer that their injuries were a result of ditch erosion. *Id.* at 560 (¶10). The supreme court disagreed, emphasizing that a plaintiff's cause of action "accrues [under section 15-1-49] when the right to sue becomes vested: the date the injury is discovered by the plaintiff." *Id.* at 569 (¶37).

¶34. Relevant to the case before us, the supreme court found that "[f]or the O'Callaghans, the right to sue vested, at the earliest, between 1996 and 1998 when Pat O'Callaghan sought assistance from Tupelo officials to review and remedy the damage to his home." *Id.* at (¶38). In reaching this conclusion, the supreme court noted that "[i]t was at this point that [O'Callaghan] affirmatively recognized his walls were pulling apart and his home was taking on water," i.e., at this point, O'Callaghan recognized his injuries. *Id.*[11]

¶35. In *Prystupa*, the property owner filed a complaint pursuant to the MTCA against the Rankin County Board of Supervisors (Rankin County) and the Pearl River Valley Water Supply District (PRV), seeking to recover for flooding damage to his rental property. *Prystupa*, 339 So. 3d at 150 (¶1). Prystupa asserted "that the damage was due to their

---

[11] The supreme court also found that "[a]t the latest, the action ripened in 2008 when O'Callaghan filed his first formal claim against Tupelo, acknowledging the injury and his right to sue," *O'Callaghan*, 208 So. 3d at 569 (¶38) (emphasis added), rendering O'Callaghan's claims "against Tupelo stale as of 2011." *Id.* at 570 (¶39).

negligent maintenance of the storm drainage system." *Id.* This Court affirmed the circuit court's Rule 12(b)(6) dismissal of Prystupa's complaint based upon the MTCA's one-year statute of limitations. *Id.* at 160 (¶43). We found that "Prystupa was aware of his injury (the flooding of his property) and of its cause (drainage blockage due to the negligent failure to maintain the drainage system by either Rankin County or PRV) by late March 2018, and certainly by April 10, 2018." *Id.* at 158-59 (¶39). Indeed, "Prystupa himself noted in the April 2018 claim letter he sent to PRV that he had experienced flooding for a number of reasons, including an 'obviously blocked drain.'" *Id.* at 159 (¶39). As such, we found that Prystupa's "injury (flooding to his property) was not latent" and that "Prystupa had also clearly determined by that time that the blockage in the drainage system was the result of a lack of inspection and/or maintenance by either Rankin County or PRV." *Id.*

¶36. Similarly, the plaintiffs' injury here (lack of frontage road access) was not latent and was allegedly due to the City's failure to provide this access. As early as the summer of 2012, the plaintiffs entered into negotiations with the City in attempting to work out a way to get the frontage road they desired. Certainly, when these negotiations broke down in September 2012, and again in 2014 when Tucker made demand on the City for alternative relief, the plaintiffs recognized their alleged injury and its cause—i.e., the City's failure to "build a frontage road parallel to U.S. Highway 78 [(now Interstate 22)]" that "resulted in the Plaintiffs not having access to their property and caused them damages of $3,500,000.00." Because we find that "reasonable minds could not differ" that the plaintiffs in this case "possessed sufficient information to bring a claim" by the latest on February 6,

2014, we find that all the plaintiffs' claims—namely, negligence, breach of the implied covenants of good faith and fair dealing, detrimental reliance, unjust enrichment, breach of contract, wrongful taking or conversion of property, and the alleged unconstitutional taking of their property under the United States and Mississippi Constitutions—are barred by the applicable statutes of limitations as a matter of law. *F & S Sand Inc.*, 265 So. 3d at 175 (¶12); *accord Milam v. Kelly*, 282 So. 3d 682, 690 (¶26) (Miss. Ct. App. 2019).

¶37. Quality Properties, however, asserts that the limitations period for the plaintiffs' breach of contract claim against the City began to run on "either April 13, 2016, June 30, 2017, or the most probable date of [the City Attorney's] letter to Tommy Turner dated May 2, 2018." As an initial matter, we find that the May 2, 2018 City Attorney letter in no way constitutes the point at which the plaintiffs' claims accrued. As we have addressed above, the plaintiffs had notice of their injury, as well as its cause, long before the City Attorney's May 2, 2018 letter. We find that Quality Properties' assertion to the contrary is wholly without merit.

¶38. Quality Properties also asserts that "the contract was modified on April 13, 2016" and that "the project was not finalized until June 30, 2017," and thus either of these two dates could serve as a point when the plaintiffs' breach of contract claim accrued. But neither date was ever referenced or discussed in any of the plaintiffs' complaints or in any of the exhibits to the complaints.

¶39. Further, as support for its assertion with respect to these dates, Quality Properties relies on what it refers to in its appellate briefing as "the Department of Transportation

document 'Contracts by Agency.'" But there is no document with this title in the record. Rather, the referenced "document" is just a one-page screenshot of a computer screen containing information about a contract between the Mississippi Department of Transportation and Century Construction Group Inc. We will not consider this unauthenticated computer screenshot because it was never referenced in or attached as an exhibit to any of the plaintiffs' complaints.[12] In *DeLoge*, this Court recognized that in ruling on a Rule 12(b)(6) motion, the court may consider only the pleadings (i.e., the complaint and the answer, *see* M.R.C.P. 7(a)), "the documents attached to the complaint," "and the documents that are *referred to in the complaint* if they are central to the plaintiff's claim, even though they are not attached to the complaint." *DeLoge*, 230 So. 3d at 1030 (¶12) (emphasis added); *see also Roedel Parsons*, 412 So. 3d at 1166 (¶14) (recognizing that a "Rule 12(b)(6) [motion] is decided on the face of the pleadings"). Here, the computer screenshot and the dates Quality Properties relies upon meet none of these conditions. Accordingly, we have no basis for considering these dates or this information in our de novo review of the circuit court's grant of the City's Rule 12(b)(6) motion to dismiss, and we decline to do so.

### C. Ten-year Statute of Limitations Pursuant to Mississippi Code Annotated Sections 15-1-7 and 15-1-9 (Rev. 2019)

¶40. Quality Properties asserts that the circuit court erred in applying the three-year general limitations period pursuant to section 15-1-49 because some of the plaintiffs' claims sought

---

[12] The computer screenshot was filed in the circuit court as an exhibit to the plaintiffs' supplemental response to the City's Rule 12(b)(6) motion to dismiss.

20

to quiet title to their property or to "recover land" and therefore are governed by the ten-year statute of limitations applicable "action[s] to recover land." *See* Miss. Code Ann. § 15-1-7[13] & 15-1-9.[14]

¶41. Quality Properties does not specify in its brief which claims contained in the plaintiffs' complaint are ostensibly governed by the ten-year limitations period. Indeed, upon our de novo review, we find that no such claims were asserted. The plaintiffs' lawsuit sought solely to recover monetary damages, as their complaint plainly shows:

> The Plaintiffs are entitled to a Judgment against the City . . . *awarding the Plaintiffs damages in the amount of $3,500,000.00* for the City's . . . negligence; breach of covenant of good faith and fair dealing; failure to comply with Federal, State, County, and City ordinances, laws, rules, regulations, and procedures; failure to compensate the Plaintiffs for the illegal

---

[13] Section 15-1-7 provides, in relevant part, as follows:

A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same.

Miss. Code Ann. § 15-1-7.

[14] Utilizing the same ten-year limitations period set forth in section 15-1-7, section 15-1-9 provides, in relevant part, as follows:

A person claiming land in equity may not bring suit to recover the same except within the period during which, by virtue of Section 15-1-7, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such an estate, interest, or right in or to the same as he shall claim therein in equity.

Miss. Code Ann. § 15-1-9.

21

taking of property; wrongfully taking property; taking and using property under false pretenses; and breach of contract. Further, the actions by the City . . . constitute an unjust, unreasonable, unconscionable, and uncompensated taking of real property, which violates the Plaintiffs' Federal and State constitutional rights and due process law.

(Emphasis added).

¶42.    With respect to these claims, the plaintiffs demanded only monetary damages, as follows: "WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judg[]ment of and from the Defendants, jointly and severally, *for their actual damages in the amount of $3,500,000.00*; prejudgment interest; post judgment interest; attorneys' fees; and all costs." (Emphasis added).

¶43.    In short, the plaintiffs made no claim that would amount to a claim to recover their 6.22 acres or quiet title to that property.  Instead, the plaintiffs sought only monetary damages for the claims alleged in each of their three complaints.  Because the plaintiffs' lawsuit consists only of claims seeking to recover "actual damages in the amount of $3,500,000.00," we find that the ten-year limitations period applicable to claims to recover land does not apply.

¶44.    Decisions rendered by both the supreme court and this Court support our conclusion. In *Lott*, for example, the supreme court held that the plaintiff's claim seeking to cancel his sister's deed obtained by fraudulent conveyance was governed by the ten-year statute of limitations.  *Lott*, 133 So. 3d at 799 (¶7).  Relevant here, however, is the supreme court's finding that the plaintiff's other claims for damages and punitive damages—namely, "breach of warranty . . . fraud allegations, detrimental reliance, gross negligence, duress and undue

22

influence, breach of fiduciary duty, bad faith, and conversion"—were all subject to the general three-year limitations period and were, therefore, time-barred. *Id.* at 803 (¶16).

¶45. The supreme court discussed *Lott*'s distinction between claims for damages and an action to set aside and recover land in *Kelly* and ultimately concluded that because "Kelly makes no claim that would amount to an action to recover land [but] [i]nstead . . . alleged various claims of negligence and a slander-of-title claim[,]" her claims were not governed by the ten-year statute of limitations. *Kelly v. Ocwen Loan Serv. LLC*, 329 So. 3d 439, 446 (¶23) (Miss. 2021) (recognizing that "the chancery court did not err by finding that the three-year statute of limitations under [s]ection 15-1-49 applies to Kelly's negligence claims and that the one-year statute of limitations under [Mississippi Code Annotated section] 15-1-35 [(Rev. 2019)] applies to Kelly's slander-of-title claim").

¶46. This Court followed the supreme court's analysis in *Lott* on this point in *White*. There, William White filed a complaint against his mother, "assert[ing] claims for damages and also [seeking] to recover and to impose a constructive trust on certain land that he had deeded to [his mother]." *White*, 355 So. 3d at 236 (¶1). William's claims for damages included, "inter alia, conversion, breach of fiduciary duty, unjust enrichment, and intentional infliction of emotional distress." *Id.* at 239 (¶10).[15] We held that the circuit court had properly dismissed William's claims for damages as untimely because they were filed outside the applicable general statute of limitations under section 15-1-49, *id.* at 241 (¶20), but that

---

[15] These claims were set forth in William's October 2016 complaint filed in the Harrison County Circuit Court, which William elected to have dismissed without prejudice. *Id.* "Four days later, William filed a new and substantially similar complaint in the same court." *Id.* at (¶12).

William's claims to set aside deeds and recover land were subject to the ten-year statute of limitations. *Id.* at 244 (¶32).

¶47. We apply these same principles here. Accordingly, we are unconvinced by Quality Properties' assertion that any of the plaintiffs' claims were governed by the ten-year statute of limitations to recover land. On the contrary, we find that the plaintiffs' claims—all consisting of claims for damages—are barred by the applicable statutes of limitations as discussed above.

## II. Dismissal With Prejudice

¶48. Quality Properties asserts that the circuit court erred when it dismissed the plaintiffs' lawsuit with prejudice "when it should have been dismissed, if at all, without prejudice." We are unpersuaded by this assertion. As we have discussed above, the plaintiffs' original complaint was not filed within the MTCA's one-year limitations period governing their claims for negligence, breach of the implied covenants of good faith and fair dealing, detrimental reliance, and unjust enrichment, nor was it filed within Mississippi's general three-year statute of limitations applicable to the plaintiffs' remaining claims for breach of contract, wrongful taking or conversion of property, and the alleged unconstitutional taking of their property under the United States and Mississippi Constitutions.

¶49. Both the supreme court and this Court have held that dismissal with prejudice is proper where the limitations period has run on the plaintiff's claims. As the supreme court recently explained, "[i]n civil suits, dismissal with prejudice is warranted when a suit is dismissed for any reason and the statute of limitations has expired." *Unruh v. Johnson*, 404

24

So. 3d 1166, 1173 (¶34) (Miss. 2025) (holding dismissal with prejudice proper when plaintiff failed to timely serve defendant and the limitations period had run on her negligence claim); *see also, e.g.*, *Methodist Healthcare-Olive Branch Hosp. v. McNutt*, 323 So. 3d 1051, 1058 (¶19) (Miss. 2021) (finding that the circuit court properly dismissed plaintiffs' claims "with prejudice due to the expiration of the limitations period"); *Arceo v. Tolliver*, 19 So. 3d 67, 76 (¶48) (Miss. 2009) (following the general rule that dismissal with prejudice is warranted if the applicable statute of limitations has expired); *Arrington v. Anderson*, 356 So. 3d 604, 610 (¶24) (Miss. Ct. App. 2022) (dismissal of lawsuit with prejudice was warranted for insufficiency of process because the statute of limitations had run on the plaintiff's negligence claim). We follow this precedent here and find that the circuit court properly dismissed the plaintiffs' lawsuit with prejudice in this case.[16]

## CONCLUSION

---

[16] In its reply brief, Quality Properties asserts for the first time that the circuit court "failed to apply" Mississippi Rule of Civil Procedure 15 to allow the plaintiffs to file another complaint. Upon review, we note that the plaintiffs did not seek leave to amend their complaint to add additional claims in the circuit court. Further, Quality Properties did not identify this issue in the statement of issues in its brief on appeal, or even address it until its reply brief when it mentioned this issue in a few cursory sentences. Accordingly, we find that this issue is waived, and we decline to address it. *See Rogers v. Thames*, 309 So. 3d 1154, 1159 (¶10) (Miss. Ct. App. 2021) (finding that the appellant waived the issue of whether the court abused its discretion by denying his motion for leave to amend where the appellant did not identify the issue in the statement of issues in his opening brief, or even raise the issue until his reply brief; the Court recognized that "it is a well-established rule that we will not consider issues raised for the first time in an appellant's reply brief"); *Williams v. City of Belzoni*, 229 So. 3d 171, 176 n.2 (Miss. Ct. App. 2017) (finding waiver where the appellant simply made "[c]ursory assertions" in his appellant's brief that the chancellor abused her discretion in failing to grant him leave to amend his complaint, and the appellant did not "identify the issue in his statement of issues or present the issue separately within the body of his brief"); *see also* M.R.A.P. 28(a)(3), (7).

¶50. In sum, we affirm the circuit court's Rule 12(b)(6) dismissal of the plaintiffs' case with prejudice as untimely filed, though, as detailed above, we base our decision on a different rationale than the rationale applied by the circuit court.

¶51. **AFFIRMED.**

**BARNES, C.J., WESTBROOKS, LAWRENCE AND LASSITTER ST. PÉ, JJ., CONCUR. McDONALD, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WILSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD, McCARTY AND EMFINGER, JJ. WEDDLE, J., NOT PARTICIPATING.**

**WILSON, P.J., DISSENTING:**

¶52. A complaint may be dismissed under Rule 12(b)(6) based on the statute of limitations only if the affirmative defense conclusively appears on the face of the complaint—i.e., only if the complaint's allegations, taken as true, establish beyond doubt that the complaint is time-barred. *Robinson v. Singh*, 303 So. 3d 65, 73 (¶27) (Miss. Ct. App. 2020), *cert. denied*, 303 So. 3d 420 (Miss. 2020); *Lagniappe Logistics Inc. v. Buras*, 199 So. 3d 675, 679 (¶¶15-16) (Miss. 2016); *Jones v. Bock*, 549 U.S. 199, 215 (2007). Essentially, a plaintiff must plead herself out of court to lose on a motion to dismiss based on the statute of limitations. Here, neither the majority opinion nor the City suggests that the face of the complaint shows that it is barred by the statute of limitations.

¶53. It is true, as the majority and the City say, that a "written instrument which is an exhibit to a pleading is a part thereof for all purposes." M.R.C.P. 10(c). Here, the plaintiffs attached a May 2, 2018 letter from city attorney Ben Logan to their complaint as Exhibit "B." The plaintiffs alleged that the Logan letter evidenced the City's breach of contract. The

26

Logan letter purports to describe a number of prior events dating back nineteen years to 1999. The majority reasons that either of two prior events described in the Logan letter—one in 2012 and another in 2014—would have commenced the limitations period, rendering the plaintiffs' claims time-barred.

¶54. But even assuming that the Logan letter is a "written instrument" within the meaning of Rule 10(c),[17] the plaintiffs did not adopt every word of the letter as true simply because they attached it to their complaint. They do not allege that the Logan letter *is* the contract on which their claims are based; rather, they allege that it evidences the City's *breach* of the contract. Therefore, there is no reason to charge the plaintiffs with a wholesale adoption of all the letter's factual assertions—again, factual assertions made *by the City's lawyer*, not the plaintiffs. As the United States Court of Appeals for the Seventh Circuit explained:

> When the exhibit . . . is not the subject of the claim, Rule 10(c) does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact. A blanket adoption rule makes sense in the context of an attached contract or loan agreement because the contract represents an agreement between two or more parties to which the law binds them. *We are not inclined to apply such a rule in the case of letters written by the opposition for what could be self-serving purposes.*

*N. Ind. Gun & Outdoor Shows Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir. 1998) (emphasis added).

¶55. Moreover, even if I agreed with the majority that the plaintiffs were bound by factual

---

[17] *But see, e.g.*, *Sci. Bridge LLC v. W & W Trucking LLC*, No. 1:24-CV-1120, 2025 WL 703864, at *3 (N.D. Ohio Mar. 5, 2025) ("District courts have defined a written instrument as a document evidencing legal rights or duties giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." (quotation marks omitted)).

assertions made by the defendant's attorney, those factual assertions still do not conclusively establish that the complaint is barred by the statute of limitations. The complaint alleges that the plaintiffs and the City "entered into a contract" under which the City agreed to, inter alia, "build a frontage road" that would "provide access to real property owned by the [p]laintiffs." The complaint does not allege a specific date by which the alleged contract required the City to build the frontage road, and nothing else in either the complaint or the Logan letter alleges a specific date prior to May 2, 2018, on which an alleged breach occurred. Accordingly, we cannot say that the complaint's allegations, taken as true, show that the plaintiffs' complaint was time-barred.

¶56. The circuit court dismissed the complaint as time-barred for a different reason. The court took "judicial notice" that the "Northern Loop" construction project—which apparently included the Coley Road/U.S. Highway 78 (now Interstate 22) interchange involved in this case—"was completed around September 2014." The circuit court judicially noticed that date based on a newspaper article the City submitted as an exhibit to its original motion to dismiss. Although the City withdrew the article after the plaintiffs moved to strike it,[18] the City subsequently argued that the circuit court could take "judicial notice" of the date reported in the article pursuant to Mississippi Rule of Evidence 201. On appeal, the City argues that the plaintiffs waived any objection to the judicially noticed fact because they failed to request a hearing on the issue in the circuit court. *See* MRE 201(e); *Kennedy v. Kennedy*, 662 So. 2d 179, 182-83 (Miss. 1995).

---

[18] The plaintiffs argued that the City could not rely on documents outside the pleadings on a Rule 12(b)(6) motion to dismiss.

28

¶57. When ruling on a Rule 12(b)(6) motion to dismiss, it may be appropriate for a court to consider facts of which the court can take judicial notice. *Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007). It may even be permissible and appropriate in some cases for a court to take judicial notice of the date of completion of a local construction project. *See generally Enroth v. Mem'l Hosp. at Gulfport*, 566 So. 2d 202, 204-05 (Miss. 1990) (discussing the types of facts that may be judicially noticed and the procedure for taking judicial notice under Rule 201). However, taking judicial notice of the completion date of the "Northern Loop" is not a basis for the circuit court's further finding that the plaintiffs' complaint is barred by the statute of limitations. Whatever the precise terms of the alleged contract between the plaintiffs and the City, it apparently permitted the City to take at least a decade or more to build a frontage road to the plaintiffs' property. Moreover, there is no allegation in the complaint that the City was contractually obligated to build that frontage road *on or before the Northern Loop's completion*. Therefore, judicial notice that the Northern Loop was completed on a certain date does not establish the date of the alleged breach or show that the plaintiffs' complaint is barred by the statute of limitations.

¶58. For the foregoing reasons, I would reverse the dismissal of the complaint and remand the case for further proceedings. The statute of limitations issue in this case simply cannot be decided on the face of the complaint or on a motion to dismiss. The City may well be entitled to *summary judgment* based on the statute of limitations or some other ground raised in the City's motion to dismiss, such as the "minutes rule" or the statute of frauds.[19]

---

[19] The City raised these and other issues in its motion to dismiss. Without taking a cross-appeal, an appellee is "entitled to argue" any grounds raised below that would be

However, the plaintiffs have not pled themselves out of court by alleging facts that conclusively establish their own complaint is time-barred. Accordingly, I respectfully dissent.

**McDONALD, McCARTY AND EMFINGER, JJ., JOIN THIS OPINION.**

---

sufficient to sustain the judgment below. *Ferguson v. Watkins*, 448 So. 2d 271, 275 (Miss. 1984). However, on appeal, the City has not argued any issues other than the statute of limitations issue actually decided by the circuit court. Accordingly, no additional issues are before us on appeal. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (citation and quotation marks omitted)).